## BATES v. KEMP.

1. PLEADINGS: AMENDMENTS. A pleading was styled in the caption: "the third amended answer," and commenced as follows: "Now comes the defendant and for an amended answer &c." It was held that it took the place of, and was not an amendment to, the preceding answer filed; and that after a demurrer was sustained thereto the defendant was not entitled to a trial of the issues raised by the preceding answers.
2. PROMISSORY NOTE: DEFENSE. The assignee of a promissory note after maturity takes the same subject to any equities or defenses which could be set up as defense to an action thereon by the payee or endorsee.

*Appeal from Polk District Court.*

TUESDAY, JUNE 17.

PLAINTIFF sues upon a promissory note. To the defendant's answer there was a demurrer, which was sustained, and from this ruling he appeals.

*Casady, Crocker & Polk* for the appellant.

*Curtis Bates, pro se.*

WRIGHT, J.—The pleading demurred to is styled in the caption, "the 3d, amended answer," and commences thus: "Now comes the defendant and for an amended answer &c." When the demurrer was sustained he insisted upon his right to be heard on the issues joined by the previous pleadings, which was refused him, and he failing to plead thereto, judgment was entered on the demurrer. In this, the defendant insists that the court erred.

I. In our opinion, this amended answer was intended to take the place of those previously filed. (*Lee* v. *Keister*, 11 Iowa, 480.) The matters set up are substantially the same as those stated in the pleadings to which this was an amendment. And this fact, in consideration with the language used by the pleader in the commencement of his answer, shows that this was an *amended answer*, designed to be

substituted for the other, and not an amendment *to* such answer.

II. The amended answer sets up that the note sued on was given as a part of the consideration for certain real estate sold by one Lyon to defendant; for which the said Lyon executed to defendant a bond for the conveyance of said land upon the terms in said answer stated; that defendant sold this land and assigned this bond; that the assignee undertook and promised to pay this note, and that Lyon, in consideration, &c., released defendant from the payment of said note and agreed to take the holder of the bond for the payment of the note; that this was after the note was due; when Lyon was the owner of the same and before it had been transferred to plaintiff. In argument, the objection to this answer is not to its sufficiency so far as it sets up a release, but that such release cannot avail defendant as against this plaintiff; for that though plaintiff may have taken the note after due, this is not such a defense as attaches to the note in the hands of the indorsee. To sustain this view, we are referred to *Cambpell* v. *Rusch*, 9 Iowa 337. The two cases, however, are quite unlike. There the defense or equity arose to the defendant *subsequent* to the transfer, which was before the maturity of the note. Here, the release was after the maturity of the note and *before* its transfer. It was not necessary, as assumed by plaintiff, that the equity should have attached to the note at the time of its execution in order to avail defendant. Plaintiff took the note after it was due, as a dishonored instrument; and subject to any defense which would have been good against the payee and indorsee.

This part of the answer, therefore, presented a good defense to plaintiff's action. And inasmuch as the defendant is entitled to a reversal for this error we need not notice the other points made.

Reversed.