## BRENNER & CO. V. GUNDERSHIEMER.

1. PLEADING: ANSWER TO AMENDED PETITION. If the defendant fails to answer an amended petition after a demurrer thereto has been overruled, a default may be granted, notwithstanding an answer to the original petition is on file.

2. DEFAULT: WHEN GRANTED. A default may be granted before a cause is reached in its regular order, as assigned on the docket.

3. PROMISSORY NOTE: CONSIDERATION. A promissory note payable to the order of the maker, was at the time of its execution indorsed by the defendant, and afterwards delivered to the defendant by the maker in due course of trade, without indorsement: *Held*, that the defendant by his indorsement incurred a liability for the debt of the maker, to whomever might obtain the paper or note containing the indorsement or undertaking in due course of trade; and that no other consideration than that running to the parties accommodated, was necessary.

*Appeal from Des Moines District Court.*

FRIDAY, OCTOBER 17.

FOR the facts see the opinion.

*D. Rorer*, for the appellant, cited *Farwell* v. *Tyler*, 5 Iowa, 540; *Maine* v. *Reynolds*, 4 G. Greene, 187; *Miller* v. *Meeks*, 22 Penn. S. R., 89; and also reviewed the authorities cited by the counsel for the appellee.

*J. Tracy* for the appellee, argued that a person who writes his name on the back of a promissory note may be held as a joint promisor with the one who subscribes his name on the face of it, and it makes no difference whether it is negotiable or not, citing *Adams* v. *Hardy*, 32 Maine, 339; *Bryant* v. *Eastman*, 7 Cush., 111; *Lewis* v. *Harvey*, 18 Mis., 74; *Perry* v. *Barrett*, Id., 140. That the consideration to the maker is sufficient to sustain the undertaking of the indorser. *Carroll* v. *Weld*, 13 Ill., 682; *Hunt* v. *Adams*, 5 Mass., 358; *Josselyn* v. *Ames*, 3 Id., 274; *Nelson* v. *Dubois*, 13 John., 175.

WRIGHT, J.—This action was commenced in January, 1862. After defendant had answered under oath, plaintiff filed an "amended petition." To this, defendant demurred —demurrer overruled—and he standing upon his demurrer, judgment was entered as by default for plaintiff. Defendant now insists that he was not in default, for that his answer to the original petition was still on file. After the filing of the amended petition, however, the original was substantially out of the case, and the answer fell with it. It was to the new pleading, that which took the place of and was substituted for the original, that defendant was to respond; and if he failed to do so, his response to the original would not save his default. And, being in default, it was competent for the court to dispose of the case, without waiting until it was reached in its regular order, as assigned upon the docket.

Plaintiffs sue upon a note made in Baltimore, August 26, 1860, signed by S. Vauliex, and made payable to his own order. One count of the amended petition charges that on the day of the date of said note (which was due in eight months) the defendant, at the instance of Vauliex, and for his accommodation, indorsed his name upon the back thereof; that V. negotiated it, and that plaintiffs, in the regular course of trade, became the purchasers and owners of said note, for a valuable consideration; that defendant, by his indorsement, promised to pay said note to the holder at maturity, if it was not paid by the maker; that it was regularly protested, and notice thereof given to defendant, and that before, at its maturity, and now, it is the property of plaintiff. The second count, after setting out the execution of the note as above by Vauliex, avers that at its date defendant became jointly and severally liable for the payment thereof with said V. by writing his name on the back thereof,—that in due course of trade, and for a good and valuable consideration, plaintiffs became the purchasers

and owners, and still own, the same.   The demurrer raiscs the question whether the petition in either court shows that the legal right of action on said note is in plaintiffs.   And the point is that the note is made payable to the order of Vauliex, and that he has never indorsed, nor ordered its payment to any person else.   The action, however, is not upon the note, but upon the undertaking to pay the debt of the maker, and this liability the defendant incurred to whoever might obtain the paper, or note containing his indorsement or undertaking, in due course of trade.   The consideration for his undertaking is implied by the writing, or, if not, the liability arose contemporaneously with the original ·debt, and no other consideration than that moving to the party accommodated was necessary.

Affirmed.