## L. C. Mowry v. B. Wareham, *et al.*, Appellants.

**Substituted Pleadings.** Where an amended and substituted petition
1  is filed, the issues embodied in it are the only ones tendered by plaintiff.

**Judgment by Agreement:** ADJUDICATION BY. Under lease for three years, at an annual rental, payable November 1, and March 1, the lessor, in December of the first year, 1894, sued to recover the
2  year's rent, to March 1, 1895. Defendant pleaded a compromise by which plaintiff accepted one thousand one hundred bushels of oats for the year's rent, the lease to terminate March 1, 1895. Plaintiff filed an amended petition for the first installment of rent, since as to the second, the action was premature, and the parties agreed that the original answer should stand. The court entered "judgment by agreement (of first installment), upon pleadings against defendant, and said defendants quit possession of said land, March 1st, 1895." *Held,* that the answer being denied by operation of law, presented an issue involving the existence of the lease, which was conclusively settled by the agreed judgment, and hence, the lessor could not recover the second installment of rent.

*Appeal from Carroll District Court.*—HON. S. M.
ELWOOD, Judge.

FRIDAY, JANUARY 29, 1897.

PLAINTIFF leased to the defendants a farm for
three years, from March 1, 1894, at an annual rental
of seven hundred and ninety-eight dollars and sev-
enty-five cents. The rent was to be paid two hun-
dred and sixty-six dollars and seventy-five cents on
the first day of November of each year, and the bal-
ance, five hundred and thirty-two dollars, at the end
of the year, March 1. There was a provision in the
lease that, if any installment of rent was not paid
when due, the lessor might declare the rent for the
whole year due. There was a failure to pay the rent
due November 1, 1894; and in December, 1894, the
plaintiff commenced his action to recover for the
whole year, viz.: Seven hundred and ninety-eight
dollars and seventy-five cents. The petition was
afterwards amended, asking that a landlord's attach-
ment issue. The defendants answered the petition, as
amended, admitting the execution of the lease, but
alleging that in August, 1894 (by evident error in
abstract it is printed "1896"), the defendants and
plaintiff, by way of compromise, and in consideration
of the loss sustained by the defendants on account of
drouth and the failure of the farm to produce a usual
crop, and that the lease should be taken up and can-
celed, made a new contract, not in writing, by the
terms of which a settlement was made; and the
plaintiff was to take in settlement and full payment
for all rent due March 1, 1895, one thousand, one
hundred bushels of oats, then threshed, to be placed
by defendants in a barn on the farm rented, and to
be hauled by defendants to Lake City, when requested

by plaintiff, before March 1, 1895; and the defendants performed the agreement on their part. At the February term, 1895, the plaintiff filed an amended and substituted petition, in which are pleaded the facts as to the execution of the lease, the occupancy by the defendants, the neglect to pay the rent due November 1, 1894, that the right to the attachment still existed, and judgment was asked for two hundred and sixty-six dollars and seventy-five cents, being the installment due November 1, 1894. It was then stipulated that the answer before filed, should stand as answer to the amended and substituted petition, and then the following appears: "Judgment, by agreement, of $266.75, upon pleadings, against defendants, and said defendants quit possession of said land March 1, 1895, but to have right to the 16th of March, 1895, to remove this property therefrom. Defendants to have until March 16, 1895, to pay said judgment out of property raised on said farm. Lien to hold good against said property until judgment is paid." These proceedings were with Hon. Z. A. Church presiding. This action, with Hon. S. M. Elwood presiding, was commenced on the twenty-third day of March, 1895, to recover five hundred and thirty-two dollars, being the installment of rent under the lease, due March 1, 1895, and an attachment is asked. Defendants answer, pleading the facts as to the former adjudication as an estoppel and bar to this proceeding. The court sustained a demurrer to the anwer, and gave judgment for the plaintiff, from which the defendants appealed.—*Reversed.*

*M. R. & J. B. McCrary* for appellants.

*M. E. Hutchinson* and *Stevenson & Lavender* for appellee.

GRANGER, J.—Counsel are in contention as to the legal effect of the amended and substituted petition, by which the claim for the last installment of rent was omitted, and a claim made for simply the first installment. Appellee urges that, by the substituted petition, the former one constituted no part of the issue for trial; while appellants contend that as there was no formal dismissal of the first petition, and the answer to it remained, the issue as formed stood for trial. We adopt appellee's view, and think the manifest intention was to supplant, for the purposes of the issues to be tried, the original petition. We may say, for the purposes of the case, that, for our consideration of the question presented, we treat it as if at no time had there been a claim for the second installment of rent, which is the subject of this action.

We deem it unfortunate that appellee has limited his argument to simply the effect of filing the substituted petition, as to which we agree with him. It seems to us that the case extends further, and that it really turns, not on the issue made by the petition and answer, but on the issue presented by the answer as denied by operation of law, and the stipulation or agreement for judgment. Looking to the facts, it will be seen that in the other case the answer pleaded a settlement by which satisfaction was made for all the rent to March 1, 1895, the lease surrendered, and payment made under the settlement by defendants. The defense thus pleaded is an affirmative one, with the burden on the defendants. The defense is not limited to the action for the one installment of rent, but it went to the instrument on which recovery was sought, and stated facts to show it of no force; so that an issue was presented involving the existence of the lease. Had the issue been tried by the taking of evidence, and a finding made sustaining the plea of settlement,

no one would seriously contend but that it would conclude all claims for rent under the lease. The answer was, in legal effect, a plea of accord and satisfaction of the very claim on which recovery is now sought, and the denial, by operation of law, put the fact in issue. It is left, then, for us to determine the effect of the judgment by agreement. There is a difference between the legal effect of an agreement for such a judgment as the pleadings would warrant, without evidence, and an agreement as to what judgment may be entered on the pleadings, without evidence. In the latter case the agreement determines what the judgment shall be, while in the former case the law would determine it. We take it that in this case the agreement fixed the judgment, for the judgment entered was not such a one as the law would warrant under the pleadings alone. The part of the judgment terminating the lease March 1, 1895, on a trial of the issues, could only have been justified by proof sustaining the averment of settlement. The fact that it is a part of the judgment makes it apparent that it was agreed to. The same may be said as to other parts of the judgment. It was manifestly an agreed judgment. Such a judgment is as conclusive of the issues under which it is entered as if it resulted from a trial of the issues. See *In re South America & M. Co.* [1895] 1 Ch. Div. 37, where the rule is stated as follows: "A judgment, by consent or default, is as effective as an estoppel between the parties as a judgment whereby the court exercises its mind on a contested case." Mr. Wells, in his Res Adjudicata and Stare Decisis (section 444), says: "Moreover, a judgment entered by agreement, in a court of general jurisdiction, and having the power in a proper case to render such a judgment, will bind the agreeing parties, even if the pleadings would not authorize the judgment if the case were

contested."' We think it is not to be doubted, on authority, that every issue presented by the answer and the denial is conclusively settled by the judgment by agreement. The judgment agreed to is the. conclusion of the parties under the issues. We think. the answer presented a defense to the cause of action, and that the demurrer should have been overruled.— REVERSED.