B. F. LONGLEY, Administrator, Appellant, v. GEORGE M. McVEY *et al.*

**Superseded Pleadings as Evidence.** An answer which was superseded by an amended and substituted answer, duly filed, cannot be considered, unless introduced in evidence.

*Appeal from Dallas District Court.*—HON. JAMES D. GAMBLE, Judge.

WEDNESDAY, DECEMBER 13, 1899.

ACTION to recover an amount alleged to be due on a promissory note made by the defendants to the plaintiff's intestate. The defendant George M. McVey filed an answer which set up grounds for equitable relief, and the cause was tried as in equity. There was a hearing on the merits, and a decree for the defendant named. The plaintiff appeals.—*Affirmed.*

*Barcroft & McCaughan* for appellant.

*White & Clark* and *George M. McVey* for appellee.

ROBINSON, C. J. The note in suit was for the sum of one thousand two hundred and seventy-four dollars, and was given on the 10th day of October, 1893, by George M. McVey to his mother, M. J. McVey, now deceased. The plaintiff is the administrator of her estate. The note purports to draw interest at the rate of eight per cent. per

annum, and payments to the amount of two hundred and fifty-five dollars are admitted. The defendant George M. McVey admits the making of the note, but states that there is nothing due thereon, and alleges as a defense thereto, and as a cause of action against the plaintiff and heirs of the decedent, substantially as follows: That on the 24th day of July, 1896, he and his father, William McVey, and his mother, M. J. McVey, entered into a written contract by which he agreed to care and provide for his parents during their lifetime; that by the terms of the contract the parents were to convey to him lot 7 of block 3 in Allen's addition to Dexter, for the use and benefit of the mother during her lifetime, but, in case she was not satisfied to have the legal title to the lot vested in George, he should, on demand, convey it to her, but that in any event she was to have only a life estate in the lot, and upon her death the title thereto was to vest absolutely in him; that the contract provided that in addition he should execute to his mother his note for one thousand six hundred dollars with interest thereon at eight per cent., which note was to be security for the support of the mother during her lifetime; that he was to pay thereon for her support, the interest and whatever portion of the principal should be needed for that purpose, not exceeding three dollars per week, but that at her death whatever of the note remained unpaid should be his property, and his liability on the note should then cease; that a deed for the lot to him was executed, and his note for one thousand six hundred dollars to his mother was made, as required by the contract; that subsequently, in December, 1887, at the request of his mother, he executed to her a deed for the lot, but only for the purpose and in pursuance of the contract; that the note in suit was given in renewal of the one originally made; and that he has fully complied with all the requirements of his part of the contract. He asks that the petition be dismissed, and that the plaintiff be required to convey to him the lot described, and for general equitable relief. The district court

dismissed the petition, established and confirmed the title to the lot in him, as against the plaintiff and his co-defendants, who we understand to be children of the decedent, and husbands and wives of such children, and required the plaintiff to execute to George M. McVey a conveyance of all the interest of the estate of the decedent in the lot.

I.    The written contract of July, 1886, was not produced in evidence, but the testimony shows that a written contract between George M. McVey and his parents was entered into at about the time stated; that it was lost without fault on his part, and cannot be found; and that its provisions were substantially as claimed by him. We are also satisfied that the requirements of the contract on his part were substantially performed by him, and that the note in suit was given in renewal of the note of July, 1886.

II.    The plaintiff claims that there was an arbitration between George and his parents in December, 1887, and that the award of the arbitrators required him to convey to his mother the lot in question, and to pay her one thousand six hundred dollars. Some of the witnesses refer to such an arbitration, but we do not find in the record any competent proof of it. In what is claimed to be the original answer of George M. McVey, what·purports to be an agreement to arbitrate and an award by the arbitrators are set out. But that answer was superseded by an amended and substituted answer subsequently filed, and was not introduced in evidence. Therefore it cannot be considered. *Shipley v. Reasoner,* 87 Iowa, 555; *Leach v. Hill,* 97 Iowa, 81. But, if it be considered, it can be said of the alleged agreement to arbitrate and the award that they are brief and informal, and that the evidence shows that they were regarded by the parties to them, and treated, as in harmony with the original contract. The decree of the district court is sustained by the evidence, and we do not find any ground upon which it should be disturbed. It is therefore AFFIRMED.

GRANGER, J., not sitting.