DAVIS & SHANGLE, Appellants, v. F. D. BOYER *et al.,*
Appellees.

Injunction:  PRACTICE:  PLEADING OVER.    An election to plead
1    over after a ruling on a demurrer, is a waiver of any error in
.    the ruling.

Practice:  REVIEW ON APPEAL.    An exception to the action of the
2    trial court in reserving its ruling on a motion must be taken
.    at the time, to authorize its review on appeal.

Pleadings.    Permission to plead after the prescribed time is dis-
3    cretionary with the court.

Injunction:  EXPIRATION OF RIGHT TO.    A decision on the merits on
4    appeal from a judgment refusing an injunction will not be
made, where the right to the protection sought has expired.

*Appeal from  Mahaska  District  Court.*—HON.  JOHN T.
Scott, Judge.

THURSDAY, JANUARY 14, 1904.

THE opinion states the case.—*Affirmed.*

*Carver & Wooster* and *McCoy & McCoy* for appellants.

*B. W. Preston, J. F. & W. R. Lacey, W. W. Haskell,*
and *W. G. Jones* for appellees.

WEAVER, J.—By their original petition Davis & Shan-
gle allege that they are a partnership doing a law and loan
business in the city of Oskaloosa; that they are the lessees,
under an oral contract for a term of months, of a certain
coalhouse appurtenant to their place of business, with the
right to use the wall of said coalhouse as a billboard or
space for displaying business signs and advertising matter;
and that they have sublet the use of the billboard to one
F. W. Davis, but defendants have wrongfully interfered
with such use by the subtenant, and have torn down the
advertising so displayed by him, and threaten to continue
said trespass.    It is further alleged that defendants are
insolvent, and a temporary writ of injunction is prayed to
restrain them from the acts complained of.    A demurrer
to this petition being sustained, the subtenant, F. W.
Davis, came into the case, joining with plaintiffs in their
petition and prayer for relief, and on this pleading it
appears a temporary injunction was granted.    Defendants
thereupon answered, denying the averments of the
petition, and moved a dissolution of the writ, which motion
was sustained.    Plaintiffs then moved to strike the answer
because not duly filed.    Ruling upon this motion was re-
served to be disposed of with the case upon the trial.
Thereafter, when the case came on for trial, and nearly a
year after the answer had been filed, plaintiffs asked leave
to amend petition showing an assignment to them from
their lessor, The National Building & Loan Association, of
all its rights in the coalhouse in controversy, said assign-
ment being dated long after the commencement of this
action.    The application was overruled by the trial court.
Plaintiffs then asked leave to file a demurrer to the

answer, and this was also overruled.  Upon trial to the
court the relief asked by plaintiffs was denied and petition
dismissed.   Plaintiffs appeal.

The case as made by plaintiffs testimony is substanti-
ally as follows (no evidence being offered on part of the
defendant):  The Building & Loan Association held a
lease expiring January 1, 1903, of rooms in the second
story of a certain building in Oskaloosa.   The rooms were
reached by an outside stairway built within the street
limits, and leading from the sidewalk to the upper story
of the building.   The space under the stairway had been
inclosed with boards, and utilized as a place to store coal
for the use of the tenants of said leased rooms, although it
is not mentioned in the lease.   Plaintiffs occupy the office
rooms under a verbal lease from the Building & Loan As-
sociation, and by reason thereof they claim to control "the
coalhouse, the inside of it, the outside of it, and every part
of it."   The defendant Boyer was the tenant of the lower
story of the building, and claimed a right to control the
use of the wall.   The outside of the board wall inclosing
the coalroom on the sidewalk seems to have afforded a
much prized space for the display of advertising matter.
Plaintiffs testify that the use of this space is worth $25 per
year, and that at the time of the commencement of this
action they had just subleased the same for three months
for $3.   Prior to this subletting, the revenue from the
billboard seems to have been limited to "tickets to shows"
—a usufruct which to some extent justifies the allegation
in plaintiffs' amended petition that the value of their
rights in the premises "is such as cannot be estimated by
the ordinary standard of dollars and cents."   It is shown
that Boyer, claiming the right to control the billboard,
permitted his codefendant Fritz, a billposter, to make
use of it, and that there ensued what one of the plaintiffs
term a "sort of billposting contest," in which each party
removed or covered up the work of his antagonist—thus

accounting for this litigation.    With this outline of the issues, we are brought to the inquiry whether the rulings and judgment of the trial court may be sustained.

I.   The first contention of the appellant in argument is that the district court erred in sustaining the defendants' demurrer to the original petition.    Plaintiffs, having elected to amend their petition in response to the ruling upon the demurrer, must be held to have waived the error, if any, in sustaining it.    *Frick v. Klabaker*, 116 Iowa, 494; *Denby v. Fie*, 106 Iowa, 299; *Geiser Mfg. Co. v. Krogman*, 111 Iowa, 503.

II.   The next proposition presented for our consideration is that the trial court erred in reserving its decision to strike the answer until the final disposition of the case. Of this point we can only say that if there was error in this ruling, or absence of ruling, appellants are not in a position to take advantage of it.    The abstract does not show any exception taken to the action of the court in holding the motion under advisement, nor is there any claim in argument that the final overruling of such motion was erroneous.

III.   There was no error in refusing leave to appellants to amend their petition.   They had delayed offering their amendment until long after such filing ceased to be a matter of right, and there was no abuse of discretion in denying it.    The same is true as to appellants' application for leave to demur to the answer.    It was within the discretion of the court to grant or refuse to grant such leave, and we think this discretion was properly exercised.

IV.   It is finally insisted that upon the merits of the case appellants are entitled to the relief demanded.    We cannot go into the question.    The only relief asked is an injunction restraining the defendants from continuing their alleged interference with appellants' use of the billboard.    Now, it appears upon appellants' own showing that the lease under which they claim had expired before

the appeal herein was submitted to this court, and, whatever may have been the nature and extent of their right or interest in the property, it has long since ceased. An injunction will not issue to protect a right which no longer exists, although it might have existed and the injunction may have been a proper remedy at the date of the trial below. A decision upon the merits at this time would only affect the taxation of costs, and it has often been held that we will not attempt to decide controversies coming to us under such circumstances. *Pellett v. Fisher* (Iowa) 94 N. W. Rep. 469; *Faucher v. Grass*, 60 Iowa, 505; *People ex rel. Geer v. Troy*, 82 N. Y. 575; *Gamewell v. Municipal Co.*, 61 Fed. Rep., 208 (9 C. C. A. 450).

There is nothing in the record warranting a reversal, and the judgment of the district court is AFFIRMED.