C. F. THAYER v. THE SMOKY HOLLOW COAL COMPANY, Appellant.

**Amendments:** CHANGE OF CAUSE OF ACTION: LIMITATIONS. An amendment to a petition in an action for negligence, which simply amplifies the original cause of action as pleaded and makes no change in the time, place and circumstances of the injury, does not introduce a new cause of action and is not barred although not filed within the time for bringing the original action.

**Substituted pleading:** WITHDRAWAL: AMENDMENT. Where a substituted petition has been withdrawn, the original pleading stands and is subject to amendment.

*Appeal from Monroe District Court.*— HON. C. W. VER-
MILLION, Judge.

THURSDAY, FEBRUARY 8, 1906.

APPEAL by defendant from rulings on a demurrer and
motion to strike.— *Affirmed.*

*Ryan, Ryan & Ryan* and *Clarkson & Bates,* for ap-
pellant.

*N. E. Kendall,* for appellee.

LADD, J.— The petition alleged in substance that the
plaintiff, while passing along a cross-entry in a coal mine in
quest of a car, on October 15, 1900, was injured by the fall
of slate from the roof, without fault on his part, owing to
negligence of the defendant in " allowing and permitting
said cross-entry K to become and remain in an unsafe and
dangerous condition, and in failing and omitting properly
to support the roof thereof with timbers or otherwise as re-
quired by law, rendering it reasonably secure against falls
of slate." The answer put these allegations in issue, and
on the former appeal we held that, in the absence of an
allegation of negligence on the part of defendant in failing
to make inspection of the roof or in not discovering defects
therein, it was not to be inferred from evidence that slate
will usually hang from three to six days after it begins to
detach itself from the roof, that the slate in this roof would
have hung that long after it begun to detach, and from this
inference that defendant knew of the defect in time to repair
and avoid the injury, and, for this reason, that there was
not sufficient evidence to carry the case to the jury on that
issue. *121 Iowa, 121. Procedendo* issued, and when the
cause was redocketed in the district court December 16, 1903,
the plaintiff filed a substituted petition. On April 15, 1904,
the defendant interposed the plea of the statute of limita-

tions by way of demurrer, and on the following day plaintiff withdrew his substituted petition and filed an amendment to the original petition, averring that defendant was negligent in omitting to properly inspect the roof, and that by the exercise of ordinary care it would have ascertained the· condition of the roof in time to have repaired the same before the slate fell. This was filed more than two years subsequent to the accident, and defendant demurred to the amendment on the ground that it brought into the case a new cause of action, barred by the statute of limitations.

We do not think the additional allegations contained in the amendment alone constituted a cause of action. Even though there were a failure to properly inspect, and de-

1. AMENDMENTS: change of cause of action: limitations.

fendant had been chargeable with knowledge of the defect, these alone would not entitle plaintiff to recover. There must have been something more, as an omission to warn of the danger in making use of the entry or a negligent omission to repair before the accident occurred. But how could the defendant have been derelict in this if not charged with knowledge of the defective condition of the roof? This was necessarily involved in the negligence on which plaintiff grounded his cause of action stated in the original petition, and the only effect of the amendment was to amplify or more fully state this cause of action. As said in *Kuhns v. Ry.*, 76 Iowa, 67: " In the original petition certain acts of negligence are specified. In the amendment certain other specifications of negligence are pleaded. But the cause of action is the same. . . . We are very clearly of the opinion that the statement of additional grounds of negligence is not a new cause of action. There is no departure from the original petition in the time, place, and circumstance of the casualty." Had there been a judgment rendered on the original petition, it would have been a bar to any recovery on the petition as amended, for in each instance the injury is alleged to have been the proximate result of

the negligent omission to repair. This is generally re-
garded as a fair test of whether an amendment states a new
cause of action. *Van Patten v. Waugh,* 122 Iowa, 302. As
said in *Hutchinson v. Ainsworth,* 73 Cal. 452, (15 Pac. 82,
2 Am. St. Rep. 823:) "The facts upon which the plain-
tiff's right to sue is based and upon which the defendant's
duty has arisen, coupled with the facts which constitute the
latter's wrong, make up the cause of action." New facts
are alleged for saying the defendant was negligent in omit-
ting to repair the roof, but not another and distinct cause
of action.

II.   The defendant moved to strike the amendment on
the ground that, as a substituted petition had been filed,
there remained no petition in the case to amend. This

2. SUBSTITUTED   motion was overruled. Appellant first con-
PLEADING:
withdrawal:      tends that the filing of the substituted petition
amendment.       operated as an abandonment of the original
petition, so that it ceased to be a part of the pleadings in
the case.   Some expressions of this kind may be found in the
reports, but upon examination it will be ascertained that in
none had the amended or substituted pleading been with-
drawn, and that all the decisions relied on relate to the
determination of the issues being tried or to whether the
admissions contained in the superseded pleadings may be
considered without their introduction in evidence.   See *Bates
v. Kemp,* 12 Iowa, 99; *Brenner v. Gundershiemer,* 14 Iowa,
82; *Lauman v. County of Des Moines,* 29 Iowa, 310; *Mulli-
gan v. Railway,* 36 Iowa, 181; *Mowry v. Wareham,* 101
Iowa, 28; *State v. Simpkins,* 77 Iowa, 677; *Longley v.
McVey,* 109 Iowa, 666; *Shipley v. Reasoner,* 87 Iowa, 555;
*Leach v. Hill,* 97 Iowa, 81; *Ludwig v. Blackshere,* 102 Iowa,
366; *Williams v. Williams,* 115 Iowa, 520; *Marshall Field
Co. v. O. Ruffcorn Co.,* 117 Iowa, 157; *Redhead v. Bank,*
123 Iowa, 336.

Section 3603 of the Code, after directing that changes
in pleadings shall be effected by filing separate papers, pro-

vides that, " if it be stated in such paper that it is a substitute for the former pleading intended to be amended, it shall be so taken, but the pleading superseded by the substitute shall not be withdrawn from the files." If, however, the substituted pleading is withdrawn, it ceases to be a substitute, and no longer supersedes that previously filed. The original petition continued on file, and when the substituted petition was withdrawn the record was precisely as before it was filed. The petition had not been dismissed. Something else had taken its place, and when that was removed it ceased to be superseded, and was reinstated as effectually as though there had never been a substituted petition. As thus reinstated it was subject to amendment as to any cause of action stated therein. *Taylor v. Taylor,* 110 Iowa, 207. Both rulings were right, and they are *affirmed.*