G. M. BABBITT, Appellant, v. HUGH CORRIGAN, Appellee.

**Intoxicating liquors:** NUISANCE: ABATEMENT: DEATH OF PARTY. The
death of defendant will abate an action to enjoin a liquor nuisance,
even after an appeal has been taken.

**Same:** APPEAL. Where notice of appeal was served only on the
defendant whom it was claimed maintained a liquor nuisance,
the appellate court will not save the action as against the prem-
ises or the owner thereof, after the death of such defendant;
and especially where the owner was not named as a defendant
and there was no showing that notice was served upon him or
that he appeared to the action.

**Same:** NUISANCE: ABATEMENT. Since an action to enjoin a liquor
nuisance is abated by the death of defendant, the liquor on his
premises can not be adjudged a nuisance and condemned, as
intent to keep and sell the same in violation of law is an essen-
tial element of the nuisance, which was eliminated by his death.

*Appeal from Scott District Court.*—HON. WILLIAM
THEOPHILUS, Judge.

TUESDAY, NOVEMBER 19, 1912.

SUIT in equity to enjoin Hugh Corrigan from main-
taining a liquor nuisance. Corrigan interposed a demurrer
in the court below, which was sustained. From such ruling
the plaintiff has appealed.—*Appeal dismissed.*

*George Cosson,* Attorney-General, and *Betty & Betty,*
for appellant.

*Isaac Pertersberger, Thuenen & Shorey,* and *Henry
Vollmer,* for appellee.

*C. M. Waterman, amicus curiae.*

EVANS, J.—It is charged in the petition that Corrigan is unlawfully operating a saloon in the city of Davenport and that he there sells and keeps for sale intoxicating liquors in violation of law. The prayer of the petition asks for an injunction, temporary and permanent, and for the abatement of the nuisance.

It is now made to appear that after the appeal was perfected, and on September 12, 1912, Corrigan died. For this reason the attorneys of record for appellee ask that the action be abated as against Corrigan and that the appeal be dismissed. A civil action does not ordinarily abate by reason of the death of the defendant. Code, section 4150. On the other hand, a criminal action does so abate, from the very nature of the case. Punishment can not be imposed upon a dead man, nor can penalties be imposed as against his estate. In the case before us, the only relief prayed is injunctional and penal. Death has enjoined Corrigan, and neither this court nor the lower court can add anything to such decree. From the very nature of the case, the court has no further power over the defendant, either to impose punishment or to adjudge his guilt or innocence.

1. INTOXICATING LIQUORS: nuisance: abatement: death of party.

It is urged by appellant that the case should be saved as against the real estate and the owner thereof. But such question is not before us. The title of the case in this court names Corrigan as sole defendant. It does appear, however, from the body of the petition, that Elizabeth Koch is the owner of the premises, and relief is prayed against her as such owner, on the ground that she had knowledge of the violation of law by Corrigan. It is not made to appear whether she was ever served with notice, or whether she appeared in the action, or whether she was named as a defendant in the lower court. In prosecuting his appeal to this court, the appellant served notice on Corrigan alone. Manifestly, there-

2. SAME: appeal.

fore, there is no other party defendant before us. If the plaintiff is entitled to proceed as against Elizabeth Koch, notwithstanding the death of Corrigan, such right can not be affected by an abatement of the action or a dismissal of the appeal as against Corrigan.

It is also urged by appellant that, notwithstanding the death of Corrigan, he is entitled to an order for the destruction of the intoxicating liquors kept by Corrigan on said premises, on the ground that they con-

3. Same: nuisance: abatement.

stitute a nuisance and should be abated as such. Leaving out of view for the moment that such an order would be penal in its nature, it yet remains that such intoxicating liquors could be adjudged a nuisance only in the sense that they were kept by Corrigan with intent to sell in violation of law. So far as the past is concerned, the guilt of Corrigan is an essential element of such past nuisance. If we are precluded by his death from adjudging his guilt, we are likewise precluded from adjudging the nuisance, which is a mere incident to his guilt. So far as concerns the present and the future of such alleged nuisance, there can be none, without an intent on the part of Corrigan to keep and sell in violation of law. Such intent is an essential element of the nuisance, and his death has eliminated it. We reach the unavoidable conclusion, therefore, that so far as Corrigan is concerned, and to that extent, his death abates the prosecution, and that the courts have no further power of punishment over him. Our process can not reach him. See *Williams v. Williams,* 115 Iowa, 520; *Doubet v. Riggs* (Iowa), 112 N. W., 242; *Davis v. Boyer,* 122 Iowa, 132.

For the reasons indicated, it is clear to us that the appeal should be dismissed; and it is so ordered.— *Dismissed.*