STATE OF IOWA, Appellee, v. T. W. KRIECHBAUM, Appellant.

No. 42342.

DECEMBER 11, 1934.

Seerley, Clark & Hale and Ben P. Poor, for appellant.

Edward L. O'Connor, Walter F. Maley, J. A. Dailey, and Hirsch, Riepe & Wright, for appellee.

EVANS, J.—In the court below, the defendant was prosecuted under an indictment charging him with accepting deposits in his bank while knowing the bank to be insolvent. There was a verdict of guilty and a judgment of conviction thereon. From such judgment an appeal was duly taken to this court and all proceedings under the judgment were suspended by the giving of bail as fixed by the court. After the case came to this court, and while still pending on appeal, the defendant died. Counsel, who represented him up to the time of his death, brought to the court the fact of such death and asked that the prosecution be deemed to have abated by reason of such death. Counsel for the state countered with a motion "to dismiss appeal *at defendant's cost*". The question which divides the parties is whether the state is entitled to demand a judgment for costs or to maintain the judgment of the court below, so far as it was entered for costs.

It is almost the universal holding of the courts, federal and state, that the death of a defendant in a criminal prosecution abates the action. The abatement is deemed to be the necessary result of the death and is not subject to any judgment or discretion of the court. The abatement applies not only to the pending proceedings in the appellate court, but applies likewise to all procedure had *ab initio* in the court below, including the verdict and judgment of conviction. More than a score of cases, federal and state, are cited by counsel for the deceased defendant in support of the above proposition. We shall not attempt to follow counsel through all their citations. We shall content ourselves with a citation of excerpts from a few of the authorities respectively relied on by

the contending parties, beginning with the authorities cited by counsel for the deceased defendant.

The question presented is quite fully discussed in O'Sullivan v. People, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143, as follows:

"But in criminal cases, under indictments for felonies, the sole purpose of the action is not to give the people anything, but to punish the defendant in his person; and the primary judgment, when the defendant is found guilty, is, simply, * * * that he be punished, specifying how. It is true that, under our statute, *judgment is also rendered for costs; but this is incidental only, and it stands or falls with the primary judgment that the defendant be punished.* The inquiry upon the trial is only whether the defendant be guilty, and, if guilty, the punishment that shall be inflicted upon his person; the question of costs being neither submitted nor considered, and the judgment therefor resulting solely as a legal consequence of the primary judgment. It is therefore apparent that, in judgments in civil cases, property rights are more or less directly affected; and such rights, under statute, are made to descend to and be obligatory upon the representatives, after death, of either or all of the parties to the judgment. But in criminal cases, where judgments are rendered against the defendants under indictment for felony, the people acquire no property rights, and the representatives of the defendant do not take that which is affected by the primary judgment, namely, the person of the defendant * * * The only instance found in the books in which a writ of error can, at common law, be prosecuted by the representatives of a deceased person, upon the record of his conviction in a criminal case, is that of an attainder for treason or felony. The effect of such attainder at common law was forfeiture of all estate, both real and personal, and corruption of blood. 4 Bl. Comm. p. 382. And it was held that a writ of error may be brought by the party attainted, 'or, after his death, by his heirs or executors, to reverse an attainder of treason or felony, but by no other persons, whatever interest they may claim in the reversal.' 1 Chit. Crim. Law, 746, 747. But, since our constitution provides that 'no conviction shall work corruption of blood or forfeiture of estate' (article 2, section 11, Constitution), there can be no attainder for treason or felony here, and hence no case upon which the heir or executor can prosecute a writ of error to reverse an attainder. * * * When the defendant ordered to be punished is dead, the

execution of that order is absolutely arrested; for the future it is as entirely a nullity as any subsequent judgment arresting it can possibly make it * * * the writ of error abated upon the death of O'Sullivan. * * * No judgment will be entered for the costs of either party."

In Blackwell v. State of Indiana, 185 Ind. 227, 113 N. E. 723, the Indiana court held as follows:

"A judgment for a fine differs from a judgment based on a tort or contract. In case of a tort the judgment is based on the principle of compensation to the injured party. In cases arising out of contract the judgment is for money due the judgment plaintiff under the terms of a contract, or for damages for its breach. In case where a fine is imposed as a punishment, no principle of compensation is involved. A fine is imposed for the purpose of punishing the offender, and when an offender dies, he passes beyond the power of human punishment. There could be no justice in enforcing a fine against the estate of an offender, for such a course would punish only the family or those otherwise interested in the estate."

In Stanisics v. State, 90 Neb. 278, 133 N. W. 412, the Supreme Court of Nebraska said:

"The real issue in a criminal prosecution is the defendant's guilt or innocence. A judgment for costs following a conviction is but an incident to the judgment of conviction. If the judgment of conviction cannot be reviewed, the incident cannot be considered. * * * The appeal abated with the convict's death."

In Boyd v. State, 3 Okl. Cr. 684, 108 P. 431, the Criminal Court of Appeals of Oklahoma said:

"A civil action does not abate by the death of a party if the cause of action survive or continue, but in a criminal action the sole purpose of the proceedings is to enforce the criminal law and punish the person found guilty of a violation thereof. The personal representative of the deceased is not responsible for the alleged violation of the law by the defendant during his lifetime, and cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judg-

ment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist."

In State v. Furth, 82 Wash. 665, 144 P. 907, the Supreme Court of Washington, said:

"The courts of the country, both state and federal, have, with marked unanimity, held that the death of the defendant in a criminal case pending appeal, in the absence of a statute expressing the contrary, *permananetly abates the action and all proceedings under the judgment.* They make no distinction between a sentence of imprisonment and the imposition of a fine. The underlying principle is that the object of all criminal punishment is to punish the one who committed the crime or offense, and not to punish those upon whom his estate is cast by operation of law or otherwise."

In United States v. Pomeroy, 152 F. 279, 282, the Circuit Court, S. D. New York, said:

"When a court imposes a fine for the commission of a crime, there is no idea of compensation involved. * * * But if the money had been collected before his death, he would have been punished. If it is collected now, his family will be punished, and he will not be punished. In my opinion, therefore, this prosecution should be deemed ended *and this judgment abated by the defendant's death.* I have had some doubt whether this court should make an order declaring the judgment and the proceedings abated, or whether it should leave the matter to be determined in some other court, if an attempt should be made to collect the judgment. But it is certainly just to the representatives of the estate that the question should be determined, and I think it may as properly be determined by the court which rendered the judgment as by some other tribunal * * * My conclusion is that an order should be entered declaring that the proceedings and the judgment have abated * * *."

Similar excerpts could be quoted from the courts of Oregon, of Colorado, of California, of Missouri, of Pennsylvania, of Alabama, of Texas, and from many standard textbooks.

As against the foregoing the main reliance of counsel for the state is the alleged holding in three of our own cases and in two cases from the state of Kansas. In Albertson v. Kriechbaum, 65 Iowa 12, 21 N. W. 178, a prosecution before a justice of peace

was involved. The justice fined the defendant the sum of $100 *and costs.* The defendant challenged the jurisdiction of the justice of peace to add costs to the maximum fine of $100. On appeal to this court it was held that the costs were not a part of the statutory penalty. The following excerpt from our opinion is relied on:

"These costs are merely incidental to the proceeding; they are collected for the compensation of the public officers who render services in the cause, and the witnesses who give testimony in it; but they in no proper sense pertain to the penalty which may be imposed on the defendant by the judgment of the court by way of punishment for his violation of the statute. The sum which may be exacted from him as punishment for his criminal misconduct is that definite and certain sum, called a fine, which the court is empowered by the statute to impose upon him. That is the sum which he is compelled to pay to the state as the penalty of its violated law, and the costs are exacted as a mere incident of the proceeding to enforce that penalty against him, and for the purpose of compensating those who render services in that proceeding."

It will be noted that death of the defendant was not involved in that case.

Reliance is had by the state upon the case of Babbitt v. Corrigan, 157 Iowa 382, 138 N. W. 466. In that case the defendant in the prosecution died after appeal to this court. In that case we said:

"A civil action does not ordinarily abate by reason of the death of the defendant. Code, section 4150. On the other hand, a criminal action does so abate, from the very nature of the case. Punishment cannot be imposed upon a dead man, nor can penalties be imposed as against his estate. In the case before us, the only relief prayed is injunctional and penal. Death has enjoined Corrigan, and neither this court nor the lower court can add anything to such decree. From the very nature of the case, the court has no further power over the defendant, either to impose punishment or to adjudge his guilt or innocence.

"It is urged by appellant that the case should be saved as against the real estate and the owner thereof. But such question is not before us. The title of the case in this court names Corrigan as sole defendant. It does appear, however, from the body of the petition, that Elizabeth Koch is the owner of the premises, and

relief is prayed against her as such owner, on the ground that she had knowledge of the violation of law by Corrigan. It is not made to appear whether she was ever served with notice, or whether she appeared in the action, or whether she was named as a defendant in the lower court. In prosecuting his appeal to this court, the appellant served notice on Corrigan alone. Manifestly, therefore, there is no other party defendant before us. If the plaintiff is entitled to proceed as against Elizabeth Koch, notwithstanding the death of Corrigan, such right cannot be affected by an abatement of the action or a dismissal of the appeal as against Corrigan. It is also urged by appellant that, notwithstanding the death of Corrigan, he is entitled to an order for the destruction of the intoxicating liquors kept by Corrigan on said premises, on the ground that they constitute a nuisance and should be abated as such. Leaving out of view for the moment that such an order would be penal in its nature, it yet remains that such intoxicating liquors could be adjudged a nuisance only in the sense that they were kept by Corrigan with intent to sell in violation of law. So far as the past is concerned, the guilt of Corrigan is an essential element of such past nuisance. If we are precluded by his death from adjudging his guilt, we are likewise precluded from adjudging the nuisance, which is a mere incident to his guilt. So far as concerns the present and the future of such alleged nuisance, there can be none, without an intent on the part of Corrigan to keep and sell in violation of law. Such intent is an essential element of the nuisance, and his death has eliminated it. We reach the unavoidable conclusion, therefore, that so far as Corrigan is concerned, and to that extent, his death abates the prosecution, and that the courts have no further power of punishment over him. Our process can not reach him. See Williams v. Williams, 115 Iowa 520, 88 N. W. 1057; Doubet v. Riggs, 112 N. W. 242; Davis v. Boyer, 122 Iowa 132, 97 N. W. 1002."

We discover nothing in the foregoing which militates against the contention of counsel for the defendant. The other of our cases relied on by the state is State v. Catron, 207 Iowa 318, 222 N. W. 843. In that case the defendant appealed from a conviction of murder and thereafter died before a hearing could be had in this court. The following is our complete opinion in that case:

"This case has been fully argued. It appears however from the brief of the state that since the filing of the brief for appel-

lant, she has died. Though the method of imparting this information to us is somewhat irregular in form, no reason is apparent why the case should be longer carried upon our docket or consideration be given thereto.

"The appeal will be dismissed on our own motion.—Dismissed."

Emphasis is put by counsel for the state upon the fact that in that case we *dismissed the appeal* and said nothing about the action as a whole. The dismissal of the appeal was clearly proper as far as it went. Whether we should have taken notice of the distinction between a dismissal of the appeal and a dismissal of the action was a question not raised by anyone. Our order of dismissal was summary and was made upon our own motion and without suggestion from any source. There is nothing therein that negatives the proposition that death of the defendant in a criminal prosecution results necessarily as an abatement of the criminal proceeding *ab initio*. If our opinion in that case should be interpreted in accord with the state's contention, it would be clearly contradictory to what we said in Babbitt v. Corrigan, 157 Iowa 382, 138 N. W. 466, 467. In the Corrigan case the state asked that its right to condemn and destroy the seized liquors be preserved. We said:

"If we are precluded by his death from adjudging his guilt, we are likewise precluded from adjudging the nuisance, which is a mere incident to his guilt."

It is made apparent in the briefs that the state of Kansas is the only state which holds expressly that costs may be adjudged against the estate of a dead defendant upon proof that he was in fact guilty. Under Kansas law provision is made for a consideration of the appeal for the ascertainment of defendant's guilt in such event. It is strongly argued by counsel for the state that under the statute costs are taxed against the *unsuccessful party*. In such a case there is no unsuccessful party; nor a successful one. Defendant's right of appeal inhered in the prosecution from the beginning. His right of appeal was as inviolable as any right of defense. Also his right of suspension of the judgment of the trial court until after the appeal had been heard. The judgment below could not become a verity until the appellate court made it so by an affirmance. If the appeal had been sustained, all the proceedings in the trial below would fall. The question of the defendant's

guilt was therefore necessarily undetermined at the time of his death. If death abated the action, the question never could be determined. Such is our holding in the Corrigan case. We hold therefore that the death of the defendant abated the action as well as the mere appeal. To "abate" is to render nonexistent. To say that the action was abated only in part, and reserved in part, would be contradictory to the very cause of the abatement. Death withdrew the defendant from the jurisdiction of the court. It left no apportionment of jurisdiction. The criminal action must therefore be deemed as abated in toto or not at all.

The action is abated.

MITCHELL, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.