STATE ex rel. CHARLES C. COCHRAN et al., Appellants, v. SANFORD ZEIGLER, Appellee.

OFFICERS: Proceedings to Remove—Appeal—Dismissal. In an action
1  by the State on the relation of certain parties, to effect the removal of the mayor of a city, an appeal perfected by private counsel in the name of the State, with the consent of the county attorney (who appeared in the trial court), will not be dismissed because the county attorney did not enter his appearance in the Supreme Court.

OFFICERS: Removal—Grounds—Technical but Noncorrupt Violation
2  of Statute. A technical violation by a public officer of a statute or of an official duty will not necessarily constitute such "willful misconduct or maladministration in office" as will justify his summary dismissal from office. *He must be actuated by an evil purpose —a purpose to do wrong.* So held where the officers of a city, without evil purpose and without any injury whatever to the city, had violated the statute which prohibits city officers from directly or indirectly entering into personal contracts with the city.

OFFICERS: Removal—Dismissal of Proceedings—Taxation of Costs.
3  Costs of proceedings to remove a public officer from his position should not be taxed to private relators when they have shown actual violations of law by the accused officer, and when, without their knowledge, mitigating circumstances justified a dismissal of the proceedings.

Headnote 1: 28 Cyc. p. 444 (1926 Anno.) Headnote 2: 28 Cyc. pp. 437, 438; 29 Cyc. p. 1408. Headnote 3: 29 Cyc. p. 1408 (1926 Anno.)

*Appeal from Jefferson District Court.*—W. M. WALKER, Judge.

FEBRUARY 10, 1925.

ACTION in equity, to remove the mayor and the city council of the city of Fairfield from office. A trial to the court resulted in the dismissal of the petition and the taxation of the costs to relators. The plaintiff and relators appeal.—*Modified and affirmed.*

*Ralph H. Munro,* for appellants.

*J. P. Starr* and *Leo D. Thoma,* for appellee.

STEVENS, J.—I. This is an action in equity, under the provisions of Chapter 8, Title VI, of the Supplement to the Code, 1913, for the removal from office of the mayor and city council of the city of Fairfield. The action was prose-

1. OFFICERS: proceedings to remove: appeal: dismissal.

cuted in the court below by five qualified electors of the city of Fairfield, in the name of the state. Complaints were filed separately against each of the defendants. A trial was had to the court, and judgment entered dismissing the petition and taxing the costs to the relators.

This opinion will deal only with the case of Sanford Zeigler, the mayor of said city. The charge against him is willful misconduct and maladministration in office.

A motion filed in the office of the clerk of this court to dismiss the appeal was submitted with the case, and will first have our attention.

Section 1258-d, 1913 Supplement to the Code (Section 1099 of the Code of 1924), makes it the duty of the county attorney to appear and prosecute proceedings instituted for the removal of city and county officers other than himself.

The county attorney did appear in the court below, but does not appear in this court.

The ground of the motion to dismiss is that the state of Iowa has not been made a party to the appeal, for the reason that the county attorney has not appeared to prosecute the same, nor appointed a deputy to act for him. The further ground

urged is that the relators have no right to appeal from the judgment of the court below.

It appears from the abstract that the appeal was taken and perfected in the name of the State and the relators. There is a further showing by affidavit, that the county attorney consented to allow, and, tacitly at least, authorized, counsel for appellants to perfect and prosecute the appeal in this court.

The grounds of the motion to dismiss are exceedingly technical, and do not present grounds for a dismissal. The motion to dismiss the appeal is, therefore, overruled.

II. Section 879-q, Code Supplement, 1913, prohibits any officer, including members of the city council, from being interested, directly or indirectly, in any contract or job of work, or

2. OFFICERS: removal: grounds: technical but non-corrupt violation of statute.

material, or the profits thereof, or services to be furnished or performed for the city or town. (Section 5673, Code of 1924). Section 1258-c, 1913 Supplement, provides as follows:

"Any county attorney, any member of the board of supervisors, sheriff, mayor, police officer, marshal or constable shall be removed from office by the district court or judge upon charges made in writing and hearing thereunder for the following causes: * * * 2. For willful misconduct or maladministration in office * * *."

The petition charges appellee with having knowingly and willfully signed numerous warrants drawn on the funds of the city of Fairfield, and payable to one L. J. Nelson, a member of the city council, for goods, wares, and merchandise and services furnished to the city; and also with having signed a warrant on the general fund drawn to one Ivan Ipson, knowing that same was intended for the use and benefit of said Nelson, and with knowingly and willfully causing a claim for $1.50 for grass seed, in his own favor, to be filed with the city clerk and paid out of the funds of said city.

Other appeals pending in this court involve the alleged willful misconduct and maladministration in office of the members of the city council; but we shall not, in this opinion, go into detail as to the charges against such officers.

The evidence, without conflict, shows that appellee, as mayor, signed all of the warrants described in the petition ask-

ing his removal, and that a claim in his favor for grass seed was filed against the city, and paid by warrant drawn upon its funds. The petition does not, in terms, charge corruption in any other form than as stated above, nor is it alleged that appellee and the city council conspired or confederated together for the purpose of serving each other in the matter of furnishing supplies or labor for the city.

Other members of the council than Nelson were directly or indirectly interested in transactions had by them with the city.

A contract for public printing was let by the city council to a corporation in which appellee held one share of stock, and in which a member of the council was interested. The evidence does not disclose, nor does counsel claim, that any of the goods, wares, or merchandise furnished to the city or labor performed therefor or contracts let for the public printing were furnished, performed, or let at an unreasonable profit, or that the price was in excess of that which other dealers would have charged therefor, or that the performed labor could have been obtained at a lower cost; but, on the contrary, it appears that the transactions complained of were, in some instances, much less than those prevailing upon the market. For example, sewer tile was furnished at a greatly reduced cost; and the bid for public printing filed by the corporation in which appellee was a stockholder, was very much lower than the other competitive bids. Nevertheless, the transactions charged were in violation of Section 879-q of the 1913 Supplement to the Code.

The mayor and members of the city council were forbidden to enter into any contract or job of work or to furnish material to the city under any contract in which they were interested, directly or indirectly. No action will lie in favor of a member of the city council against the city, to recover upon transactions therewith which are forbidden by the statute. *Bay v. Davidson,* 133 Iowa 688; *James v. City of Hamburg,* 174 Iowa 301; *Peet v. Leinbaugh,* 180 Iowa 937; *Town of Hartley v. Floete Lbr. Co.,* 185 Iowa 861. All of the above cases, except *Town of Hartley v. Floete Lbr. Co.,* involve executory contracts, enforcement of which was denied. The doctrine of the prior cases was reiterated in the latter case; but we reversed the action of the court below in canceling certain warrants issued to the defendant in pay-

ment for materials furnished the city, upon the ground that a stockholder of the corporation was a member of the city council, and voted for the purchase of such material, and to allow and pay for the same. We based the reversal upon the ground that the material was purchased openly and in good faith, without fraud or concealment, and that, as the city had received substantial benefits therefrom, payment should be made to the extent of the actual value of the property received and retained, without allowing anything for profit.

To constitute a ground for the summary removal of a public officer, the acts and conduct thereof must have been willful, and such as to amount to a maladministration in office. The standard fixed by the statute for the removal of a public officer is not the mere violation of the statute; but the violation, to constitute a ground for removal, must be willful and with an evil purpose. The word "willful," as used in this connection, was held in *State v. Meek,* 148 Iowa 671, to imply knowledge on the part of the officer, together with a purpose to do wrong. The purpose of the statute which prohibits city officers from directly or indirectly entering into contracts with the city, is the conservation and protection of the public interests. Its design is to secure honesty and efficiency in the administration of the public business. Not every technical violation of a statute, or of official duty, will, however, justify the summary removal of the officer. It seems to us that the rule stated in *State v. Meek,* supra, is applicable and controlling in this case. The writer of the opinion in that case reviewed many authorities from other jurisdictions, including the United States Supreme Court, and arrived at a conclusion in harmony therewith. The length of the discussion makes apt quotation therefrom difficult, but the following may be treated as a substantial statement of the court's conclusion:

"If it be admitted, as argued, that the primary purpose of the statute is the protection of public interests, it may well be said that those interests are not imperiled by acts of a trifling or unimportant character, occasioning no injury against which the personal responsibility and official bond of the incumbent do not afford undoubted security. Such peril arises only when his administration of the office is marked by such grave mis-

conduct or such flagrant incompetency as demonstrates his unfitness for the position. That this is the controlling idea of the statute we ourselves have decided. In *State v. Welsh*, 109 Iowa 21 (79 N. W. 369), speaking by Ladd, J., we said: 'The very object of this statute is to rid the community of a corrupt, incapable, or unworthy official.' From this exposition of the legislative intent we are not inclined to depart. 'The object designed to be reached by a statute must limit and control the literal import of the terms and phrases employed.' "

There is no claim or pretense in the record that appellee profited in any way by any of the matters charged in the petition, except a profit of a few cents on the sale of grass seed to the city. This transaction, except the filing of the claim and receiving payment, was without the knowledge of appellee. In our opinion, the standard of willful misconduct in office constituting a statutory ground for the summary removal of a public officer, is not established in this case. In saying this, we do not mean to minimize the violation of a statute by a public official, who should, in all things, observe strictly his official duty. The statute in question is, as already indicated, based upon sound principles of public policy. Even the willful violation of a statute without profit to the officer violating it, or without disadvantage to the municipality, might, under some circumstances, constitute a good ground for the summary removal of such officer. We find nothing in the record in this case to indicate a corrupt purpose upon the part of appellee, or that fraud or imposition was practiced upon the city.

III. Section 1258-i, 1913 Supplement to the Code, provides as follows:

"If the action is instituted upon complaint of citizens as herein provided, and it appears to the court that there was no reasonable cause for filing the complaint, the costs may be taxed against the complaining parties."

The court below found that the prosecution in each of the cases was instituted without reasonable cause, and taxed the costs, including attorney fees, as a part thereof, to the relators.

We think that in this respect the court erred.

3. OFFICERS: removal: dismissal of proceedings: taxation of costs.

The record shows numerous violations of the statute, and that considerable merchandise was furnished by one or more members of the council to the city; but, as we have already pointed out, the element of willfulness was absent from the several transactions, and no purpose on the part of the city council to use their official position to the harm or detriment of the city is shown.

The costs can only be taxed to the relators when it appears that the prosecution was begun without reasonable cause. This does not mean that the costs are to be taxed to the relators in every instance, if the court finds in favor of the defendant. Such a rule would deter private individuals from instituting actions for the removal of a public officer where, within the contemplation of the statute, this should be done. We think the record discloses facts from which reasonable cause should be inferred. So far as appears, relators knew nothing of the facts and circumstances which mitigated the conduct of appellee and the city council, so far as he was concerned, and relieved them from the taint of willfulness, within the meaning of the statute.

In so far, therefore, as the costs were taxed to the relators, the judgment of the court below is modified and set aside. In all other respects, it is affirmed.—*Modified and affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.