STATE OF IOWA ex rel. JOHN B. HAMMOND et al., Appellants, v. CARL MISSILDINE, County Attorney, Appellee.

No. 41573.

NOVEMBER 22, 1932.

REHEARING DENIED FEBRUARY 7, 1933.

Frank J. Lund and Theodore F. Mantz, for appellants.

John L. Gillespie, Guy A. Miller, and. C. B. Hextell, for appellee.

EVANS, J.—We have before us a very voluminous case. The appellant's abstract is not adequately indexed, and we have been confronted with much difficulty in mastering the facts of the case. The active relator is Hammond. The other relators joined with him at his request, without assuming any personal knowledge on their part of any of the matters averred in the complaint. For convenience of discussion, therefore, we shall refer to the complainant in the singular number, rather than the plural. That is to say, for the purpose of our discussion Hammond will be deemed the sole relator. The relator was at one time chief of police of Des Moines, from 1922 to 1924. It appears that since that time he has been zealous in the prosecution of offenders against the prohibitory statutes of the state. His zeal in the prosecution has frequently brought him into conflict with the public officers. This conflict has resulted in hostility of personal feeling on his part toward the officers and on the part of the officers toward him. His petition in this case is in ten counts, and covers 40 printed pages. It will be impossible for us to deal in detail with the various charges made in the petition within the reasonable limits of an opinion.

The questions involved are questions of fact only. No disputable question of law is presented. A detailed discussion, therefore, of the facts in the case could serve no public purpose as a precedent. The relator introduced in evidence the court records in more than a thousand cases. These were bootlegging and nuisance cases which had been prosecuted by the county attorney or by his assistants. The relator challenged the sincerity of every prosecution. This will indicate the scope and volume of the record, and will explain why we do not attempt a detailed discussion of the facts. We have read the voluminous record and have given to it a painstaking study. We reach the conclusion that the trial court properly disposed of the case, save for one modification. The material charges were not proved. In the absence of willful misconduct and corrupt motives on the part of the defendant, mere error of judgment, either as to law or fact, will not justify his removal from office.

II. One of the charges made against the defendant was

that he collected fees in excess of the amount to which he was entitled. It appeared from the injunction decrees introduced in evidence that some of them awarded a fee of $50.00 to the county attorney instead of $25.00. The cases wherein such decrees were entered were not prosecuted by the county attorney personally, but by one of his assistants. Upon the disclosure at the trial of this discrepancy, the county attorney voluntarily made immediate return to the county treasurer of the excess fees thus collected. These fees amounted to the total of $325.00. Though the trial court properly exonerated the defendant from any willful misconduct or corrupt intent in such matter, yet the evidence had an important bearing upon the taxation of costs to the relators. In entering judgment dismissing the complaint, the court found that such complaint had been prosecuted maliciously and without probable cause. He therefore taxed the costs to the relators including an attorney fee of $900 for the defendant's counsel. In view of the fact that the defendant had mistakenly collected excessive fees, and that such action, if done willfully and corruptly, would constitute cause for removal, we do not think it can be said that the relator acted without probable cause. Upon discovering that the defendant had collected excessive fees, the relator might honestly draw the inference that such unlawful act was willful and corrupt. Because of this fact we think that the costs should not have been taxed to the relators.

The final order of the trial court will therefore be modified as to the taxation of costs and in all other respects affirmed.—Modified and Affirmed.

STEVENS, C. J., and FAVILLE, ALBERT, KINDIG, BLISS, and CLAUSSEN, JJ., concur.