DANIEL LEFFINGWELL, claimant-appellant, v. CITY OF LAKE CITY, employer, and EMPLOYERS MUTUAL CASUALTY COMPANY, insurance carrier, appellees.

No. 51711.

(Reported in 135 N.W.2d 536)

JUNE 8, 1965.

Charles E. Hird, of Jefferson, and Bernard L. Willis, of Lake City, both for appellant.

Davis, Huebner, Johnson & Burt, of Des Moines, and L. E. Swanson, of Lake City, all for appellees.

SNELL, J.—This is an appeal from the disallowance of a claim for Workmen's Compensation. Claimant was injured while

working on the roof of a building owned by the City of Lake City. He sought compensation against the city and the city's insurance carrier. The sole question in the case was and is whether claimant was in the employ of the city at the time of his injury.

After a hearing the Deputy Industrial Commissioner found "that claimant had failed to show by preponderance of the evidence that he was employed by the City of Lake City" at the time of claimant's injury. The deputy denied the claim.

On review decision the claim was denied by the Industrial Commissioner. On appeal to the district court the action of the commissioner was affirmed. We affirm.

Chapter 182, Acts of the Thirty-seventh General Assembly, enacted in 1917, related to community buildings in cities and towns and provided for the appointment of a Community Civic Congress by the city council. Further legislative provisions were enacted in 1919 and appear in chapter 170, Acts of the Thirty-eighth General Assembly.

Pursuant to these statutes the city council of Lake City in January 1922 enacted Ordinance No. 120 "organizing a Community Civic Congress and defining its duties and administration."

Thereafter the affairs of the Community Memorial Building in Lake City were administered by the Community Civic Congress.

Section 4 of Ordinance No. 120 provides:

"All matters pertaining to the Community Memorial Building, including all engagements of the use of the Community Memorial Building Receipts and disbursements of funds, contracts for supplies and labor, etc., shall be approved or disapproved of by a majority vote of the members of the Community Civic Congress in session."

Thereafter for some time the funds of the Community Civic Congress were handled by its treasurer through a separate account. The city clerk is now the Congress treasurer and by direction of the State Auditing Department the funds are kept in the bank account with city funds but for bookkeeping purposes have a separate account. Claims involving the community building, are first authorized by its board and then sent direct

to the city council for the payment. Payment by the council is pursuant to prior authorization by the Community Board.

In the spring of 1963 the roof of the community building was leaking. The board met and decided the roof should be repaired. Mr. Evert Baumann, a member of the board, was appointed "to check and see if it could be repaired and get someone to do it." Mr. Baumann investigated and reported.

The minutes of a board meeting on April 16, 1963, read as follows:

"Civic Congress met at the building, with the following members present, Mrs. Kirsch, Mrs. Broz, Grace Owens, Bob Allen, Evert Baumann and Mrs. Christolear. Mrs. Kirsch, chairman, called the meeting to order. Secretary report read and approved. This meeting was devoted to the repairs of the roof and heating system. A motion was made by Bob Allen and seconded by Margaret Broz to accept the Wellington Roofing bid of $536 for repair of the roof."

By this action the roof work was ordered. Wellington Roofing Company was owned by Mr. Floyd Wellington, a member of the city council but not a member of the Civic Congress.

On May 28, 1963, Daniel Leffingwell, a seventeen-year-old high school student, was looking for a summer job. He applied to Mr. Wellington. Mr. Wellington "said he'd try me out the next morning." Daniel Leffingwell is the claimant herein. He reported for work the next morning. After some preliminary work Mr. Wellington and his helpers went to the community building to fix the roof. That afternoon while carrying a bucket of hot tar claimant slipped and was burned by the tar.

Acting through his next friend claimant sought Workmen's Compensation from the city and its insurance carrier.

I. The commissioner found that claimant was not an employee of the city. Such finding has the same standing as a jury verdict. Sister Mary Benedict v. St. Mary's Corporation, 255 Iowa 847, 849, 124 N.W.2d 548; Barz v. Oler, 257 Iowa 508, 511, 133 N.W.2d 704, 706.

II. Claimant, if he is to recover, has the burden of showing a contractual relationship with defendant. Eagen v. K & A Truck Lines, Inc., 254 Iowa 914, 916, 119 N.W.2d 805.

In the case at bar there is no evidence to support this burden.

III. Claimant's counsel argues that because Mr. Wellington was a member of the city council when employed by Community Civic Congress to repair the roof on the community building the contract was void under section 368A.22, Code of Iowa, and that resultantly claimant became an employee of the city. Section 368A.22, 1962 Code of Iowa, provides:

"Interest in contracts. No officer, including members of the city council, shall be interested, directly or indirectly, in any contract or job of work or material or the profits thereof or services to be furnished or performed for the city or town."

It is unnecessary for us to determine the rights of Wellington Roofing Company as against the city under the contract with Community Civic Congress. Claimant was employed by and was under the direction and control of Mr. Wellington. He was never hired by the city, was not responsible to the city or subject to direction by the city. The fact that claimant's employer in addition to being a roofing contractor was also a city councilman did not change claimant's status to an employee of the city.

The trial court after submission ruled as follows:

"The commissioner was right. There just is no evidence that the claimant was employed by the Town of Lake City.

"This is an appeal under the provisions of Section 86.26 of the Code. Claimant, a 17-year-old boy at the time of his injury, was engaged in applying hot tar to the roof of a public building in Lake City on May 29, 1963. An accident occurred and claimant received severe burns as a result. The sole question presented is whether he was in the employ of the town at the time in question. The Industrial Commissioner determined that he was not, and this Court has to determine whether there was, in the language of the statute 86.30, sufficient competent evidence in the record to warrant the making of the order or decision of the commissioner. It would be enough if the record merely supported the conclusion of the commissioner. In truth, however, the record could support no other conclusion.

"Claimant takes the position that one factor appearing in

the evidence changes the color of the record and makes out the employment relationship. Wellington was a roofer. Every witness who testified on the subject, including the claimant and Wellington himself, stated that the claimant was employed by Wellington personally in his capacity as a roofer. But it happens that the work to be done by Wellington that day, the first of claimant's employment, was on a public building owned by Lake City. The building in question was governed by a board independent of the town council, but Wellington was on the town council. And he had placed a bid with the board in charge of the building in question. The bid was approved and the work done. Now it is urged that the bid and its acceptance was void by reason of section 363.47, now by repeal and revision 368A.22 of the Code. See Wayman v. City of Cherokee, 204 Iowa 675, 215 N.W. 655; 37 Am. Jur. 897.

"Claimant takes the view that Wellington's position as councilman not only poisoned the contract but also rendered his activities in this matter to that as overseer and agent for the city. Such would have to be a legal rather than a fact argument because the city had, in one Evert Baumann, another person performing just that task. Baumann was on the board controlling the building. On the fact side, too, one might ask why would the contracting roofer side of Mr. Wellington die in the matter and the councilman live? Why would the effect of the statute be to amputate his authority as an individual and expand it as a councilman?

"But claimant's position fails on the law too. The first rule, as a matter of text law, in the area of master and servant is that 'The essentials of a binding contract of employment include definiteness or certainty *as to parties*, nature and extent of service and compensation.' 35 Am. Jur. 451. There are five tests to determine whether the relationship exists as carefully set out in Bashford v. Slater, 252 Iowa 726, 108 N.W.2d 474, approving Hjerleid v. State, 229 Iowa 818, 295 N.W. 139. Of the five tests set out at least three, that is, 2, 3 and 4, do not apply under the facts in this case. Nor does the void or voidable contract make them apply.

"The purpose of section 368A.22 is to protect the public

from public officers who would profit personally from their place of advantage in government. They cannot recover for such services. State ex rel. Cochran v. Zeigler, 199 Iowa 392, 202 N.W. 94, and cases there cited. A violation of the provisions is a misdemeanor. Op. Atty. Gen. 1911-12, p. 369. But nowhere is it held that a violation of the statute visits any plague upon the people. Nowhere can it be found to say that the cities' rights become any less or its liabilities any more. Nowhere can it be found even suggested that a violation of this statute forces a change in the hiring policies for employees of cities and towns.

"One thing further needs to be said. This being a matter of appeal, the Court saw and heard no witnesses and of necessity resorted solely to the cold transcript. It was replete with one striking fact that all counsel made repeated reference to, and that was the striking candor and simple honesty of the young claimant himself. It seems that, in the age of the fast dollar and the half truth, such a virtue should be recognized and commended wherever it appears. It will stand the claimant himself in good stead long after the last appeal herein is exhausted and this case long forgotten. The fact is, of course, that this case did not turn in any manner on the testimony of the young claimant but his honesty should nevertheless be commended.

"The record and the law not only support the decision of the Industrial Commissioner; they make it inescapable. His action is, accordingly,

"Affirmed."

We concur and adopt the opinion of the trial court.

The case is—Affirmed.

All JUSTICES concur.