STATE of Iowa ex rel. Richard C. TURNER, Attorney General, Appellee,

v.

Arnold BUECHELE, Supervisor, Worth County, Iowa, Appellant,

and

County of Worth et al., Intervenors-Appellants.

No. 2–58022.

Supreme Court of Iowa.

Dec. 17, 1975.

Rehearing Denied Jan. 14, 1976.

Dan L. Johnston, Des Moines, for appellant.

Phillip N. Norland, Northwood, for intervenors-appellants.

Richard C. Turner, Atty. Gen., and Roxanne Barton Conlin, Asst. Atty. Gen., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

On January 2, 1975 the attorney general filed a petition for the removal of Arnold Buechele (Buechele) from the office of Worth County supervisor. Buechele had faced a similar removal action, commenced June 27, 1972. Dismissal of the earlier action was appealed to this court. On appeal we found Buechele had committed acts constituting grounds for removal under chapter 66, The Code. See *State v. Bartz,* 224 N.W.2d 632 (Iowa 1974).

In our opinion, filed December 18, 1974, we ordered Buechele removed from office for the term he was " * * * serving at the date of entry of the decree of the trial court." *Id.,* at 639. Although it was not a matter of record in that appeal Buechele had been re-elected for another term November 5, 1974. After Buechele filed for office by reason of his re-election the attorney general filed this suit for removal. This suit was based on the same facts which had resulted in the earlier order of removal.

On January 10, 1975 a petition of intervention was filed by two electors and Worth County. It was dismissed and the intervenors join in this appeal.

Buechele brought this appeal from a trial court holding he should be removed. Thereafter, on April 26, 1975, Buechele died. We believe all questions in this proceeding were rendered moot by Buechele's death.

I. An action is moot if it no longer presents a justiciable controversy because the issues involved have become academic and nonexistent. The test is whether an opinion would be of force and effect as to the *underlying controversy.* See *State v. Wilson,* 234 N.W.2d 140 (Iowa 1975); *Bailey v. Broderick,* 212 N.W.2d 395 (Iowa 1973); *State ex rel. Turner v. Midwest Development Corp.,* 210 N.W.2d 525 (Iowa 1973); *Maguire v. Fulton,* 179 N.W.2d 508 (Iowa 1970); *Nitta v. Kuda,* 249 Iowa 853, 89 N.W.2d 149 (1958).

We are urged that because of public interest this case falls within a recognized exception to the foregoing principle. The parties suggest we should review Buechele's removal under the principles outlined in *Board of Directors Ind. Sch. Dist. v. Green,* 259 Iowa 1260, 147 N.W.2d 854 (1967), and *Danner v. Hass,* 257 Iowa 654, 134 N.W.2d 534 (1965). In *Board of Directors Ind. Sch. Dist.,* supra, we said: "Among the recognized criteria for determination of existence of the requisite degree of public interest are: (1) the public or private nature of the question presented, (2) desirability of an authoritative adjudication for future guidance of public officials, and (3) likelihood of future recurrence of the same or similar problem." 259 Iowa at 1264–1265, 147 N.W.2d at 856.

We do not believe this case falls within the public interest exception. The exception has nothing to do with the notoriety of the case. We believe any likelihood of recurrence is negligible for the reason we have experienced few cases involving corrupt public officials in the past. The facts, especially as they relate to time of the filing of our earlier reversal and Buechele's re-election, present a situation which is most unique and novel.

The foregoing is dispositive as to intervenors who asserted a right, as electors, to maintain Buechele in office. Separate assertions are made as to Buechele. They will be considered in the following division.

II. An Iowa statute provides for nonabatement of actions upon death of a party to an appeal.

"The death of one or all of the parties shall not cause the proceedings to abate, but the names of the proper persons shall be substituted, as is provided in such cases in the district court, and the case may proceed. The court may also, in such case, grant a continuance when such a course will be calculated to promote the ends of justice." § 686.17, The Code. A separate statute, § 611.22, The Code, and rule 15, Rules of Civil Procedure, provide for nonabatement at the trial court level.

Even where permitted a failure to substitute parties as provided in the section is ground for dismissal. See *Livingston v. Davis,* 243 Iowa 21, 50 N.W.2d 592 (1951). There was no substitution of parties in this appeal following Buechele's death.

Under § 686.17, The Code, a civil action ordinarily does not abate upon death of a defendant. But where the subject matter of the controversy is personal to the decedent the action does abate. See *Palmer v. Wolf,* 178 Iowa 932, 160 N.W. 285 (1916); *Babbitt v. Corrigan,* 157 Iowa 382, 138 N.W. 466 (1912); Annot., 62 A.L.R. 1048, 1055 (1929). See also 4 Am.Jur.2d, Appeal and Error, § 281, p. 774.

The right to hold office is generally considered personal so that the death of the office holder on appeal in a removal action abates the proceeding. See *Dygert v. Harrison,* 34 Idaho 377, 201 P. 719 (1921); *State ex rel. Wilkes v. Brooks,* 138 Tenn. 672, 200 S.W. 823 (1918).

It is argued Buechele's claim for salary which might be an interest of his estate would be affected by a decision in this

appeal. See *People v. Gualano*, 124 Ill. App.2d 208, 260 N.E.2d 284 (1970). The difficulty with this argument lies in the fact no claim for salary was made in these proceedings. Buechele's salary was suspended under § 66.9, The Code, when the proceedings were brought. We disagree with the conclusion reached in *People v. Gualano*, supra. We have said:

"It was also suggested that a decision on the merits here might affect other litigation. This would amount to an advisory opinion, which is beyond the scope of our duties or authority. Nor do we render decisions merely for the purpose of determining liability for costs. (Authorities)." *Nitta v. Kuda*, supra, 249 Iowa at 858, 89 N.W.2d at 151.

The states seem in conflict on the question of whether a dismissal of an appeal under the foregoing rules may be without prejudice. We are committed to the view dismissal need not be with prejudice. We have held " * * * because of the death of defendant the action ought to abate, and this without prejudice, * * *." *Palmer v. Wolf*, supra, 178 Iowa at 936, 160 N.W. at 287.

We conclude and hold it is beyond the scope of our proper duty or authority to order a deceased former office holder restored to his office merely in the hope such an opinion would shed light on possible future litigation in a suit for salary.

Neither our conclusion nor the judgment of the district court shall prejudice Buechele's personal representative in any action upon such a claim.

Appeal dismissed.