STATE of Iowa ex rel. Carolee DOYLE, Carleen Hinegartner, Larry Hinegartner, Verna Lacina, Larrie Masker, Wilbert Masker, Inez Novotny, Donald Saewert, Sharon Saewert, Gary Welton, and Joanne Welton, Appellants,

v.

Leo BENDA, Raymond Coleman, and Jerry Koster, Appellees,

and

Jean Brauns, et al., Intervenors.

No. 65817.

Supreme Court of Iowa.

May 19, 1982.

---

1. We need not decide whether the administrative procedure act would otherwise apply to the agency.

James L. Sayre of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for appellants.

John Butler and James C. Ellefson of Lundy, Butler & Lundy, Eldora, for appellees.

C. M. Manly, Jr., of Manly Law Firm, Grinnell, for intervenors.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

REYNOLDSON, Chief Justice.

Electors of South Tama Community School District, whom we shall designate as plaintiffs, brought this proceeding pursuant to chapter 66, The Code 1979, to remove the three defendants as directors of that district. Trial court ruled in favor of the defendants and dismissed plaintiffs' petition.

The plaintiffs allege trial court was wrong in holding they had not proved by clear and convincing evidence any of their numerous allegations of "willful misconduct or maladministration." *See* § 66.1(2), The Code. They also assert trial court erred in failing to award the special assistant county attorney "fees for legal services rendered by other personnel employed by the special assistant county attorney, particularly the law clerk." Defendants cross-appealed on the ground trial court should have taxed their defense expenses against plaintiffs pursuant to section 66.24, The Code, and in any event at least should have taxed such expenses against the school district pursuant to section 66.23. We dismiss the appeal, reverse on the cross-appeal, and remand for further proceedings.

I. This action apparently was generated out of a long-standing division among the residents and a split between the school board members of South Tama Community School District. The underlying conflict evidenced itself here on a prior occasion in *Wedergren v. Board of Directors*, 307 N.W.2d 12 (Iowa 1981).

In their brief the defendants contend defendant Koster should not be removed because he had been reelected to his office in September 1979 following the filing of the removal petition in July 1979. The record

before this court shows defendants Benda and Coleman were elected in 1978. The term for school board members is three years. §§ 39.24, 274.7, The Code. At oral argument counsel agreed Benda and Coleman were reelected in September 1981.

The reelection of the defendants during the pendency of this action requires us first to address the issue whether their removal has been mooted under the "general rule":

> Offenses committed, or acts done, during a previous term of office or while serving in another office are generally held not to furnish cause for removal.

67 C.J.S. *Officers and Public Employees* § 120(c) (1978). See the cases cited in *State ex rel. Turner v. Earle*, 295 So.2d 609, 613 (Fla.1974), and Annot., 42 A.L.R.3d 691, 707–12 (1972).

In some states the constitution or statutes specifically control the issue. Annot., 42 A.L.R.3d 691, 695, 702–07 (1972). This is not true in Iowa, but our present removal statutes are designed to bring the issue to determination summarily to avoid an intervening election. Thus after filing of the removal petition the accused must be served with a notice of the filing and of the time of the hearing, which "shall not be less than ten days nor more than twenty days after completed service of said notice." § 66.6, The Code. Other procedural steps as required are to be taken "forthwith," sections 66.14 and 66.17, The Code, and "immediately," section 66.15, The Code. The proceeding "shall be summary . . . and shall be triable as an equitable action." *Id.* § 66.18. On appeal the "cause shall be advanced and take precedence over all other causes upon the court calendar . . . ." *Id.* § 66.21. The appeal does not stay the ouster. *Id.* § 66.22. We view these statutes as implementing a legislative intent that a public officer guilty of willful misconduct or maladministration be removed during the same term of office in which the conduct occurred that provided grounds for removal. It is obvious that a subsequent defeat at the polls would moot the removal proceeding. We hold that a subsequent reelection, at least where, as here, the alleged

grounds for removal are well known to the electorate, should also moot the action. *See generally State ex rel. Turner v. Buechele,* 236 N.W.2d 322, 324 (Iowa 1975); *In re Thaxton,* 78 N.M. 668, 673, 437 P.2d 129, 134 (1968).

 Legal qualifications for the office of school director are few. *See* Iowa Const. art. II, §§ 1, 4, 5 (1857, § 1 amended 1970); §§ 39.3(1); 277.27–.28, The Code. We do not find among them a disqualification based on a pending removal proceeding, or a past removal based on conduct in a prior term of office. To impose such disqualifications in a case in which the alleged derelictions were well known to the voters would be an invasion of the constitutional separation of powers and a dangerous judicial interference with democratic processes.

 In the case before us there was ample opportunity for the various charges against the defendants to become well known in the community before their re-elections. Some of the contentions surfaced in the controversy surrounding the firing of the superintendent in March 1979. *See Wedergren v. Board of Directors,* 307 N.W.2d 12 (Iowa 1981). The detailed removal petition was filed by eleven electors July 2, 1979. July 17, 1980, fifty-eight electors intervened, requesting that the petition be dismissed. It is plain the voters of the South Tama Community School District had a chance to evaluate the facts. We hold the subsequent reelections of these defendants under these circumstances was a ratification of their conduct and qualifications by the electorate, and mooted the issues raised in the removal petition.

Plaintiffs' reply brief does not respond to the mootness issue raised in defendants' brief with respect to Koster's reelection. Defendants' brief distinguishes two prior decisions of this court, *State v. Welsh,* 109 Iowa 19, 79 N.W. 369 (1899), and *State ex rel. Cosson v. Baughn,* 162 Iowa 308, 143 N.W. 1100 (1913). In *Welsh* the removal petition was filed after the defendant's reelection. The removal procedure under the 1897 Code, chapter 8, was substantially different, being a law action without any indi-cation of urgency. In *Baughn* the sheriff, following an incident involving intoxication, resigned and a week later was reappointed to fill the vacancy. Four months later a petition for his removal was filed. This court apparently viewed the resignation and reappointment as a sham transaction. *See Baughn,* 162 Iowa at 315, 143 N.W. at 1103 ("[T]he council reinstated him with practically no investigation . . . ."). The *Baughn* action was tried under a predecessor to our current chapter 66, 1909 Iowa Acts chapter 78. Although that chapter changed the removal proceeding from a law action to a summary equitable proceeding, it did not incorporate the expedited trial court hearing provision. In neither *Welsh* nor *Baughn* was the removal proceeding instituted before an election, let alone a sufficient time before the election to provide the voters with an opportunity to know the alleged removal grounds as they reelected or rejected the defendant at the polls.

In only one later Iowa case, *State v. Bartz,* 224 N.W.2d 632, 639 (Iowa 1974), did we make a reference to this question in holding that "[d]efendants [supervisors] are removed from office for the terms they were serving at the date of entry of the decree of the trial court." The briefs in that appeal disclose the issue of mootness was neither raised nor argued. The record reflected the removal petition was filed July 27, 1972. We appointed a judge pursuant to section 66.14, The Code, on July 28, 1972. Trial court's decree was filed October 17, 1972. Of course the general elections at which supervisors are elected were held the following month. *See* §§ 39.1, 39.3(3), The Code. The language of our *Bartz* opinion was drafted so that it would not interfere with the term of a supervisor reelected after the publicity of the district court removal trial. A further history is to be found in *Buechele,* 236 N.W.2d at 323:

> Although it was not a matter of record in that [*Bartz*] appeal Buechele had been re-elected for another term November 5, 1974. After Buechele filed for office by reason of his re-election the attorney gen-

eral filed this suit for removal. This suit was based on the same facts which had resulted in the earlier order of removal. In *Buechele*, 236 N.W.2d at 324–25, we held the defendant's death pending an appeal from the second removal order mooted the case. The issue we face here thus was not decided in *Buechele*. It is to be noted, however, that our *Bartz* holding did not imply Buechele would have been disqualified from holding an office to which he might subsequently be elected.

We hold the issues raised here become academic and nonexistent following the defendants' reelection under the circumstances disclosed by this record. Therefore, they are moot. *See Buechele*, 236 N.W.2d at 324. Had the parties followed the summary procedure provided by chapter 66, The Code, this result might have been avoided, at least as to defendants Benda and Coleman.

II. Plaintiffs contend trial court erred in failing to award the special assistant county attorney fees for the services of his law clerk. Upon motion of plaintiffs' counsel in the course of the appeal, we remanded jurisdiction to the district court to determine the fees due, and whether counsel was authorized to pursue an appeal. The matter was heard by district judge Harold J. Swailes, who had appointed this counsel after finding the county attorney and his assistant were unable to perform their duties under section 66.11, The Code. The court awarded plaintiffs' counsel expenses and fees in the sum of $5,614.65, but denied compensation for the services of his law clerk. It also authorized counsel to incur fees and expenses in an appeal if the attorney general declined the responsibility. Such declination was filed of record.

■ Plaintiffs seek review of trial court's award of attorney fees in this proceeding, but did not file an appeal from that ruling. We hold this omission was fatal because the order for attorney fees was an appealable final determination. *See Sykes v. Iowa Power & Light Co.*, 263 N.W.2d 551, 553 (Iowa 1978); *Furey v. Crawford County*, 208 N.W.2d 15, 18 (Iowa 1973); *Schrader v. Sioux City*, 167 N.W.2d 669, 672 (Iowa 1969). The district court ruling on attorney fees must stand.

III. Cross-appealing, defendants contend trial court should have taxed their defense expenses against plaintiffs pursuant to section 66.24, The Code, and in any event failed to tax these expenses against the school district pursuant to section 66.23.

Insofar as relevant here, section 66.23 provides that if the removal petition is dismissed on its merits the defendant shall have judgment against the "subdivision of the state . . . for the reasonable and necessary expenses incurred by the defendant in making his defense, including a reasonable attorney fee, to be fixed by the court or judge." Section 66.24 states that if the action is instituted upon complaint of citizens "and it appears to the court that there was no reasonable cause for filing the complaint, such expense may be taxed as costs against the complaining parties."

Our case law reflects this court, for obvious public policy reasons, does not reach out to assess expenses against individual complainants. *See State ex rel. Hammond v. Missildine*, 215 Iowa 663, 665, 245 N.W. 303, 304 (1933); *State ex rel. Cochran v. Zeigler*, 199 Iowa 392, 397–98, 202 N.W. 94, 96 (1925); *State ex rel. Gebrink v. Hospers*, 147 Iowa 712, 714–15, 126 N.W. 818, 819 (1910).

■ The critical turning point in section 66.24 is the filing of the petition. Although the issue of probable cause in this case is close, we hold the evidence does not reflect there was no reasonable cause for filing the complaint against the defendants. Therefore, trial court rightly did not assess defendants' expenses to the plaintiffs.

■ Trial court's failure to render judgment against the school district for defendants' expenses under section 66.23 may have been an oversight. It was not brought to trial court's attention through a motion filed pursuant to Iowa Rule of Civil Procedure 179(b). We hold these expenses should be fixed by the trial court and judgment rendered against South Tama Community School District for the amount fixed.

Plaintiffs' appeal is dismissed. The district court decree is reversed on defendants' cross-appeal. This case is remanded to district court to fix and award appellate fees and expenses for plaintiffs' counsel, and to determine the amount of defendants' expenses pursuant to section 66.23, The Code, and to render judgment thereon.

APPEAL DISMISSED; REVERSED ON CROSS–APPEAL; REMANDED WITH DIRECTIONS.