# IN THE COURT OF APPEALS OF IOWA

No. 23-1999
Filed October 30, 2024

**DEREK O. CORNETTE,**
    Plaintiff-Appellee,

**vs.**

**THE CITY OF DAVENPORT, MICHAEL MATSON, MAYOR OF THE CITY OF DAVENPORT, IOWA and THE CITY COUNCIL OF THE CITY OF DAVENPORT,**
    Defendants-Appellants.

_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

A city, its mayor, and its city council appeal an order sustaining a writ of certiorari declaring that the city council acted illegally by removing a city alderman in proceedings under Iowa Code section 66.29 (2023) and issuing an injunction reinstating the removed city alderman. **REVERSED AND REMANDED WITH DIRECTIONS.**

Richard A. Davidson and Brett R. Marshall of Lane & Waterman LLP, Davenport, for appellants.

Michael J. Meloy of Meloy Law Office, Bettendorf, for appellee.

Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Former Davenport Alderman Derek Cornette was removed from office by a seven-to-three vote of the Davenport City Council in September 2023. *See* Iowa Code § 66.29 (2023). A week later, Cornette sought review of the removal proceeding in the district court by petitioning for a writ of certiorari declaring the proceeding illegal and for an injunction reinstating him. The district court agreed with Cornette, holding that the removal proceeding violated due process because the city council did not provide a written explanation of its reasoning for the removal. And so, in a December 2023 ruling, the court sustained the writ and issued an injunction returning Cornette to office. The next day, the city[1] filed this appeal and posted a supersedeas bond to stay enforcement of the ruling.

But while the certiorari proceeding was pending in the district court, Cornette lost his election for another term on the city council. And while this appeal was pending, the term that Cornette had been seeking to complete ended. So the city argues "[t]his case should now be dismissed with prejudice as moot" because "there is nothing for the Court to rule upon since [Cornette] cannot be reinstated to his office." Cornette disagrees that the case is moot and argues that we should dismiss only the appeal as moot, leave the ruling and injunction undisturbed, and "remand[] to the district court for further proceedings, including a determination of monetary damages, reasonable attorney fees and costs." Because this certiorari case is moot, we agree with the city that the court's order and injunction reinstating Cornette must be reversed and remanded for dismissal of the case with prejudice.

---

[1] Cornette also named the Davenport mayor and city council as defendants. And all defendants appealed. For readability, we refer to them collectively as the city.

"Courts exist to decide cases, not academic questions of law." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015). It is thus generally "our duty" to refrain from deciding "a case when, because of changed circumstances," our "decision will no longer matter." *Id.* We must ask "whether an opinion would be of force and effect with regard to the underlying controversy." *Id.* (cleaned up). And when doing so, we "may consider matters technically outside the district court record." *Riley Drive Ent. I, Inc. v. Reynolds*, 970 N.W.2d 289, 296 (Iowa 2022).

It is undisputed that Cornette lost his bid for another term on the city council in October 2023 and that the term he had been serving before his removal by the council ended on January 1, 2024. All agree that he can no longer be reinstated to office. Yet that is what Cornette seeks in this proceeding—a writ of certiorari declaring his removal illegal and an injunction reinstating him to office. Nothing we say here could grant him that relief. Whether the removal proceeding was proper and whether an injunction was warranted are now merely academic questions. *Cf. State ex rel. Doyle v. Benda*, 319 N.W.2d 264, 266–67 (Iowa 1982) (holding that appeal from unsuccessful removal proceeding pursued in court became moot after officeholders were reelected and calling it "obvious that a subsequent defeat at the polls would moot the removal proceeding" too). This case is moot.

Still, the question remains whether we should merely dismiss the appeal as Cornette urges or reverse the district court's now-moot certiorari-and-injunction order and remand for dismissal of the entire case.[2] We choose to follow the lead

---

[2] The court in *Benda* did not face this question because the district court removal proceeding had already been dismissed—it was an appeal by the unsuccessful plaintiffs seeking removal—so there was no live injunction ordering the government to reinstate an officeholder. *See Benda*, 319 N.W.2d at 266.

of our supreme court in *Homan v. Branstad.* There, as here, the district court issued an injunction against a governmental party. *See Homan*, 864 N.W.2d at 326. And just as here, the factual circumstances changed, rendering the disputed legal issues moot. *See id.* at 329. But rather than dismissing the appeal and leaving the appealed injunction undisturbed, the supreme court "reverse[d] and remand[ed] to the district court with instructions to dismiss the case." *Id.* at 333. We must do the same here.

Cornette contends that the entire case is not moot because he should be able to seek "a determination of monetary damages, attorney fees and costs" in further proceedings before the district court. But Cornette did not bring a claim for monetary damages. Nor could he be granted such monetary relief—or attorney fees—in this certiorari proceeding.[3] *See Hancock v. City Council of City of Davenport*, 392 N.W.2d 472, 479 (Iowa 1986) (declining to reinstate claim for damages asserted in a certiorari proceeding, reasoning that "certiorari action was necessarily limited . . . to questions of jurisdiction or illegality of the actions complained of" (cleaned up)); Iowa R. Civ. P. 1.1403 ("[T]he relief by way of certiorari shall be strictly limited to questions of jurisdiction or the legality of the challenged acts, unless otherwise provided by statute."); *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974) (holding that attorney fees are unavailable in

---

[3] Still, our reasoning and the dismissal of this case does not affect Cornette's "right to assert" a claim for monetary damages based on any alleged constitutional violations "in a separate original action." *Hancock v. City Council of City of Davenport*, 392 N.W.2d 472, 479 (Iowa 1986). We recognize that "a decision on the merits here might affect" any such future litigation. *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 325 (Iowa 1975) (cleaned up). But doing so "would amount to an advisory opinion, which is beyond the scope of our duties or authority." *Id.* (cleaned up).

certiorari action, even if seeking review of a proceeding in which fees could be available, because "[c]ertiorari is a separate, independent and original law action"). "Nor do we render decisions merely for the purpose of determining liability for costs." *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 325 (Iowa 1975) (cleaned up).

Even setting all that aside, the district court did not consider any of this relief in its ruling—a final judgment resolving this case.[4]  And Cornette did not take any steps to seek a ruling from the district court.[5]  Nor did he cross-appeal.  So even if he had preserved some claim of error, we could not grant him any relief—such as a remand for a second chance at asserting such claims—beyond what was granted by the district court.  *See Midwest Hatchery & Poultry Farms, Inc. v. Doorenbos Poultry, Inc.*, 783 N.W.2d 56, 64 n.7 (Iowa Ct. App. 2010).

In a final try at keeping the case alive, Cornette attacks the city's timing in raising mootness—pointing out that the city never did so in the district court although he had lost reelection before the district court ruled.  But Cornette overlooks that we have a "duty *on our own motion* to refrain from determining moot

---

[4] The supreme court already rejected Cornette's argument that the district court's order was not a final decision when it denied his motion to dismiss this appeal for lack of jurisdiction under Iowa Rule of Appellate Procedure 6.103(1).

[5] We recognize that properly taking such steps is procedurally tricky when, as here, the opposing party immediately files a notice of appeal.  *See Wolf v. City of Ely*, 493 N.W.2d 846, 848–49 (Iowa 1992) (holding that the district court loses jurisdiction to rule on a party's motion to enlarge—now under rule 1.904(2)—when the opposing party files a notice of appeal but explaining that a party could seek a limited remand from the appellate court to rule on the motion if it was timely filed); *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 629 (Iowa 2000) (holding that a party does not waive its posttrial motion by filing a notice of *cross*-appeal as it would when filing a notice of appeal before the district court rules on the motion).

questions." *Homan*, 864 N.W.2d at 328 (cleaned up) (emphasis added). So even if the city had never raised mootness, we would reach the same result.[6]

What's more, Cornette's argument seems to rest on an inaccurate assumption that the case became moot as soon as he lost the election. Not so. At the time the district court ruled, there was still a live controversy between the parties. And the court's ruling reinstating Cornette could still have had force and effect. As the court thoughtfully explained, although Cornette was not reelected to continue serving past January 1, 2024, without the injunction "[h]e [was] unable to vote for the remainder of his term on the many matters pending before the" city council. So while this case was before the district court, there was not yet any mootness issue for the city to raise.

This case only became moot when Cornette's term ended. At that point, he could no longer be reinstated. And this did not happen until January 1, 2024— after the district court's ruling and after the city appealed. Neither the city nor the district court did anything wrong in failing to address the potential mootness that would arise if the case was not finally resolved before Cornette's term ended. After all, they could not have known if Cornette would seek expedited consideration of the appeal or other extraordinary relief from the appellate courts to vindicate his rights while such relief could still have an effect. *See* Iowa Rs. App. P. 6.1003(2), 6.1102(2), 6.1001; Iowa Rs. Civ. P. 1.1502(2), 1.1506(2); *cf.* Iowa Code § 66.21

---

[6] For the same reason, it matters not that the city raised mootness in a single footnote in its opening brief, did not flesh out its analysis or request dismissal of the case until its reply brief, and has not had a chance to respond to Cornette's supplemental briefing on mootness. Unlike most issues on appeal, we must correctly analyze mootness ourselves regardless of the arguments the parties make. *See Homan*, 864 N.W.2d at 328.

(requiring expedited consideration of appeals of removal proceedings pursued in district court but not addressing appeals of certiorari cases reviewing removal proceedings before city councils).

Bottom line, once Cornette's term in office ended, this proceeding seeking reinstatement to that office became moot. So we reverse the district court's ruling sustaining the writ of certiorari and issuing an injunction reinstating Cornette to office and remand to the district court with directions to dismiss this case with prejudice.

**REVERSED AND REMANDED WITH DIRECTIONS.**

Schumacher, P.J., concurs; Buller, J., partially dissents.

**BULLER, Judge** (dissenting in part).

I agree with the majority's decision to dismiss this appeal as moot pursuant to *State ex rel. Doyle v. Benda*, 319 N.W.2d 264, 266–67 (Iowa 1982), based on the parties' positions. But I dissent from the court's extra step reversing the underlying ruling, as well as its remand with directions for dismissal with prejudice. The question of mootness in the district court was not litigated below, and I'm not convinced either party raised it on appeal. And I worry deciding this unbriefed and unpreserved issue incentivizes bad behavior to the potential detriment of voters and local elected officials. So I cannot join that portion of the court's opinion and dissent in part.

When the writ was sustained below and the injunction granted, everyone understood Cornette had lost his bid for re-election. Yet no party asked for the certiorari action—or any portion of it—to be dismissed as moot. On appeal, we are "a court for the correction of errors at law." Iowa Code § 602.5103(1) (2023). "If an issue was never presented to the district court to rule on, and if the district court did not in fact rule on it, we lack any 'error' to correct." *State v. Gomez Medina*, 7 N.W.3d 350, 355 (Iowa 2024). I therefore disagree with the majority's decision to reach out to decide this unpreserved issue and void the underlying proceedings—something no one asked for below. If the City wishes to vacate the district court proceedings as moot, I believe the district court deserves the opportunity to rule on the question before we do.

I am also not convinced voiding the underlying proceedings is a remedy the City asked for on appeal. At most, a single sentence of the City's brief reply, unmoored from legal authority, refers to dismissing the "case"—with no indication

whether the City meant the appeal or otherwise. This one-off statement in the reply brief is hardly a model of clarity, which is in part why we ordered Cornette to file a statement setting forth his position. In Cornette's statement, he agreed the appeal was moot but urged that further proceedings are required in the district court. He correctly points out that, even though he lost his re-election bid in October and the writ was not sustained until December, the City never raised an issue of mootness until appeal—and the City still hasn't filed a voluntary dismissal. And as the majority recognizes in its footnote five, the City's next-day notice of appeal left Cornette in a pickle on his outstanding claims for additional relief—including costs, fees, and damages. Deciding the mootness issue in the City's favor now rewards sandbagging or gamesmanship, and I am not inclined to do so.

The majority's reliance on *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015), doesn't persuade me otherwise. I agree with the general proposition that we have a duty to restrain ourselves from deciding moot questions. *See Homan*, 864 N.W.2d at 328. That's why I agree this appeal should be dismissed. But I think the majority turns that proposition on its head and goes a step in the wrong direction by taking it upon itself to reverse the underlying ruling and void the district court proceedings under the peculiar circumstances of this case. And the record as it stands leaves unanswered questions, including whether the city council met between the entry of the injunction and the conclusion of Cornette's term, such that Cornette was or could have been the deciding vote on any particular issue.

If we are going to look for analogous precedent, there are plenty of cases that suggest dismissing the appeal without disturbing the underlying proceeding is appropriate. For example, in *State ex rel. Turner v. Buechele*, the county

supervisor whose office was at issue died while the appeal was pending; the supreme court dismissed the appeal as moot but did not reverse the district court's ruling removing him from office. 236 N.W.2d 322, 325 (Iowa 1975). And similarly in an unpublished decision regarding a board of supervisors declaring the office of county attorney vacant, we dismissed the appeal as moot when the former county attorney's term had lapsed and his successor elected, but we did not reverse the district court's ruling on the merits. *See Marzen v. Floyd Cnty. Bd. of Supervisors*, No. 10-1923, 2011 WL 3481052, at *1–2 (Iowa Ct. App. Aug. 10, 2011). Consistent with these precedents and my reading of the briefs, I would dismiss the appeal as moot but not reverse the district court sua sponte.

As a practical matter, I fear the majority holding tacitly telegraphs to future local boards and councils that they can remove officials without fear of appellate scrutiny so long as they quickly appeal and post bond. The typical civil appeals process takes a year or longer, and the functional lesson from the majority opinion is that a local body can potentially violate an elected official's right to due process in a removal action (thereby silencing the voters who elected the official) and the decision is immune from review so long as the official's original term expired by the time the case winds its way to us. As the district court observed here, doing so injures both Cornette personally and the elective process and voters generally.

In short, while the district court might have agreed with the mootness argument advanced by a majority of this court for the first time on appeal, I do not believe it is our role to raise unpreserved issues and award relief unasked for. And our general reticence to decide moot issues does not justify sua sponte voiding an

underlying ruling.  Because I would not reverse the district court on a basis not argued to it, especially on an under- or un-briefed issue, I dissent in part.